## MADDOX & RUCKER *vs.* CUNNINGHAM.

1. A special jury to try a case on the grant of a new trial may be made from the regular panels of twenty-four traverse jurors.

2. Where a party strikes from the regular panels, and tries the case without objection, it is too late after verdict to object to the jury so stricken and trying the cause.

3. Sidewalks in front of a warehouse must not be obstructed by piles of cotton bales longer than is reasonably necessary to move the cotton from delivery wagons into the warehouse. A stoppage of any part of the sidewalk longer than is necessary for such transit becomes a nuisance, and if a passer-by be injured by such obstruction without negligence herself, the warehouseman is responsible in damages.

4. Even if the cotton bales be on the sidewalk but a reasonably necessary time for the transit from the wagons to the warehouse, and yet be placed on the sidewalk so negligently as to cause injury to the passer-by by falling on her, the warehouseman is responsible.

5. The evidence to the effect that the bales were set up on the ends

so as to project from the sidewalk into the street, and thereby a delivery wagon struck against them, so projecting into the street, and one fell on and injured a lady, will support a verdict of negligence, as contrary neither to law nor evidence.

Jurors. Practice in Superior Court. Damages. Negligence. Nuisance. Streets. Before Judge HILLYER. Fulton Superior Court. October Term, 1881.

Emma L. Cunningham brought suit against Maddox & Rucker, alleging that they were warehousemen in the city of Atlanta, that they had caused cotton to be placed on the sidewalk in front of their warehouse in such a manner as to obstruct free passage along the walk, and almost to block it up; that the cotton was piled in heaps which overhung passers on the sidewalk; that while plaintiff was passing this place, one of these bales fell upon her and seriously injured her; that the cotton was so piled that drays and other vehicles passing along the street would come in contact with it, and that the bale that fell upon her was either knocked down by a vehicle so passing, or fell of its own weight; and in either event the accident resulted from the negligent manner in which defendants caused their cotton to be piled on the sidewalk.

On the trial, the evidence for the plaintiff substantially supported the allegations in the declaration. It showed that a drayman, who was delivering cotton to the defendants deposited some of it upon the sidewalk and drove off; that a country wagon passing struck the cotton so deposited, and it fell upon the plaintiff.

The testimony for the defendants was to the effect that they did not own the dray; that it was necessary in their business to have cotton delivered to them on the sidewalk, thence to be taken into the warehouse. That there was no unreasonable delay in moving it, but from the nature of the business, it was necessary for the cotton to stand upon the sidewalk for a time. Defendants always in-

structed their employés to keep the sidewalk open for passers, and this was done as far as possible.

There was much other testimony as to the nature of the injury, state of health, etc., which it is not necessary to set out here.

The jury found for the plaintiff twelve hundred and fifty dollars. Defendants moved for a new trial, on the following among other grounds :

(1.) Because the verdict of the jury is contrary to the law.

(2.) Because the court erred in the following proceeding in said case : When the case was called for trial, the clerk of said court, under the order of said court, presented to the parties to the case a jury list composed of the regular panels for the trial of causes generally in said court, and the court ordered the parties to strike a jury therefrom for the trial of said case, when the proper and legal list from which the jury should have been stricken for the trial of said case was the grand jury, the case being one in which a new trial had been granted.

(3.) Because the jury which tried said case was not a legal jury, the same not being a special jury selected and stricken from the grand jury, and the verdict and judgment being, therefore, illegal.

[As to the last two grounds, the court certified that the point was not made before the trial, but the jury was stricken without objection, and that in fact he made no ruling on the point.]

Defendants also moved in arrest of judgment for the same reasons as those set out in the last two grounds of the motion for new trial. Both motions were overruled, and defendants excepted.

McCay & Abbott, for plaintiffs in error.

Hopkins & Glenn; Van Epps & Calhoun, for defendant.

Maddox & Rucker *vs.* Cunningham.

JACKSON, Chief Justice. ·

1. There can be no doubt that a special jury may be stricken from the panels of traverse jurors, and so it has been adjudicated by us before.   65 *Ga.*, 678.

2. Even if it had not been so determined, and were not the law, we should rule that a party, after striking and trying the cause, would not be heard to object to the jury.

3. The rule of law is well settled, that sidewalks are for the use of the public, and must not be obstructed so as to deprive them of that use.   In front of a store or warehouse they may be used temporarily so as to pass goods from delivery wagons into the store, and cotton bales or other such commodities from the wagons to the warehouse; but care must be taken not to let the obstruction remain longer than is necessary for such purpose.   If so, the obstruction becomes a nuisance; and if the passer-by be injured thereby, without fault or negligence on his or her part, damages are recoverable.   Wood on Nuisance, 259, 261 *et seq.*; Sher. & Red., 363; 6 East., 427; 3 Campbell, 230; City Code of Atlanta, 529.

4, 5. Even if not a nuisance *per se*, yet if the facts make a case of negligence in the temporary use of the sidewalk so that damage ensued to a passer-by without fault, the damage may be recovered.   The fact that cotton bales were set up on end so close to the street, from the sidewalk, that a delivery wagon struck the bales and turned one over on the passer-by, is sufficient to support a verdict of damages.   Controverted facts are for the jury to settle, and this court never interferes with its finding, and the approval of it by the court below, unless in case of abuse. What an agent does in the line of duty devolved on him by the superior, will make the latter responsible.   Code, §§2194, 2201; 1 Thompson on Neg., 346 *et seq.*; Story on Agency, 452; 18 *Ga.*, 432; 43 *Ib.*, 586.

Judgment affirmed.