### 286. BROOKS *v.* CITY OF ATLANTA.

1. The limited right of an abutting owner to obstruct a public highway by reason of his business exigencies must be reasonably exercised; and it is subservient to the right of the public to safe passage. An obstruction, although temporarily justified, if it be not removed in a reasonable time, becomes a nuisance.

2. The court erred in granting a nonsuit. Where a plaintiff relies for recovery upon several acts of wrong or negligence, proof of any one of them, if itself actionable, is sufficient to prevent nonsuit.

Action for damages, from city court of Atlanta—Judge Reid. November 22, 1906.

Argued April 10,—Decided April 25, 1907.

*Henry A. Alexander,* for plaintiff.

*J. L. Mayson, W. P. Hill, Rosser & Brandon,* for defendants.

POWELL, J. The two views, sometimes separately expressed, in regard to purprestures or obstructions placed in highways by adjacent property owners in the exigencies of their business,—the one, that "the primary purpose of a street is for passage and travel, and any unauthorized and illegal obstruction to its free use comes within the legal notion of a nuisance, and any such nuisance as would leave the street or way in an unsafe and dangerous condition, or impair its use in an unreasonable manner, or for an unreasonable time, would make the city [and the person maintaining the obstruction] liable for any damages resulting therefrom;" the other, that "it is not every obstruction, irrespective of its character or purpose, that is illegal, and that the carriage and delivery of fuel, grain, or goods are legitimate uses of a street, though it may result in the temporary obstruction of the right of public transit,"—are not incompatible. Both, subject to limitations, are recognized by law; and it is by reason of such limi-

·iations that the incompatibility ceases.   No reasonable and natural business use of a highway, which does not materially interfere with the public convenience or safety of travel, is per se a nuisance; every use which does unreasonably and materially interfere is a nuisance.   The public convenience and safety of travel is the paramount right.   "Neither has a merchant or trader, or manufacturer, or any person, no matter how great the necessity of his business, any right to use any part of the highway for the deposit, exhibition or sale of his goods.   Neither has he a right to conduct his business in such a way as to keep goods constantly standing on the walk, or teams constantly, or for any considerable portion of the time employed in front of his premises engaged in loading or unloading goods, and the fact that the same is necessary in the course of his business is no excuse; it is his duty to carry on his trade where he will produce no serious annoyance to the people, as public convenience and necessity are paramount to the ends of trade or individual necessity."   None of this is new doctrine, either in the decisions of this State or at common law, where the cases were not infrequent.   See *Simon* v. *Atlanta,* 67 *Ga.* 622; *Maddox* v. *Cunningham,* 68 *Ga.* 431; *Mayor of Columbus* v. *Jaques,* 30 *Ga.* 506; Wood on Nuisances, Title "Highways," especially §§ 250 to 265 inclusive; Dillon Munic. Corp. (4th ed.) §§ 730, 731.   "A highway may be used *temporarily* and *in a reasonable manner* by an adjoining owner for loading and unloading goods, but if such use is prolonged for an unreasonable time or if it is of such a nature as to unnecessarily or unduly interfere with the right of the public to pass and repass, it will constitute a nuisance."   Elliott on Roads and Streets (2d ed.), § 648.

2. In this case the allegations of the petition, as amended, are substantially: that at 5:30 o'clock p. m., on a day named, the plaintiff was walking on East Alabama street in the city of Atlanta and was passing in front of the premises of the A. P. Morgan Grain Company.   At this point the sidewalk, adjoining the building, for the width of two or three feet, consists of an iron grating, and, between this grating and the curb, is composed of long stone slabs, set at right angle with the sidewalk.   For a number of years the Morgan Grain Company have been accustomed, in handling hay, grain, and produce, to truck the same out of the store and to load into wagons at the curb.   In trucking their

goods from the store to the sidewalk during all this period they have been "guilty of wilful negligence and reckless carelessness, in that they have negligently and carelessly kept the sidewalk in front of the store covered, littered up, and strewn with hay, cottonseed meal and other greasy products, rendering it slippery and unsafe for persons walking over the same; since by reason of the presence of these substances on the sidewalk pedestrians are unable to get a foothold; the condition referred to was not a necessary consequence of conducting the business, but was due to negligence and carelessness, for that the Morgan Grain Co. kept the sidewalk in the condition aforesaid an unreasonable and unnecessary length of time; also in that they dropped an unreasonable and unnecessary amount of hay, cottonseed meal, and other greasy products on the sidewalk; also in that after the same had fallen on the sidewalk they neglected for an unreasonable and unnecessary length of time to clean it off;" at the time plaintiff was passing as aforesaid, the sidewalk was so covered, strewn, and littered, as above described; as the plaintiff was attempting to pass over the sidewalk in a usual and moderate gait, walking, his feet slipped from under him, by reason of the presence of the hay, etc., on the sidewalk, and he fell, sustaining certain definitely enumerated injuries. The officers and agents of the city of Atlanta knew of the dangerous conditions of the sidewalk, actually, or constructively because the condition had remained so long a time as to charge them with notice. The petition concludes by making both the A. P. Morgan Grain Company and the City of Atlanta parties defendant, and praying for damages.

The plaintiff himself, who was sworn as a witness, was not able to give a very accurate statement of the causes of the injury. He testified, that he was walking along on the sidewalk, and suddenly, without warning, his feet slipped and he was hurled to the sidewalk, breaking his arm. In his stunned condition he looked for the cause and saw nothing save the hay and the smooth slick stone under it. Other witnesses, however, supplemented his testimony; and it was shown that from the grating to the curb the sidewalk was laid with large slabs of smooth stone, slanting with considerable declivity toward the curb,—one witness says a declension of 20 to 25 degrees, though, from the other descriptions given, these figures seem to be somewhat too large; for several years the Mor-

gan Grain Co. had been accustomed to truck hay, etc., across this sidewalk and to allow the droppings to remain throughout each day, it being swept off only early in mornings before business hours; generally throughout the day the whole sidewalk was littered with slippery and greasy droppings. The stones bore a dark greasy appearance. A witness who came along soon after the plaintiff was injured testified, in speaking of the condition of the place where the fall occurred: "I noticed the slippery sidewalk; it seemed to be shattered hay, grain, droppage from sacks, and there appeared to be cottonseed meal mixed in it with the hay; it was pretty regularly along the line of the walk in front of Morgan's place." There was further evidence that the Morgan Grain Company had closed their business for the day at the time of the injury. The court granted a nonsuit, and the plaintiff excepted.

Under the law and facts stated above, we must hold this disposition of the case to be erroneous. The contention of the defendant in error is that the allegata and probata do not correspond; that there was no proof that more litter, etc., was occasioned than was necessary in the conduct of the business of the Morgan Grain Company. The allegation that the amount of hay, etc., dropped was unreasonable and unnecessary, in our judgment, should be construed, in the light of the law, to mean only that the amount was greater than would reasonably be consistent with the paramount right of the public. Although it might have been necessary, as they viewed it, for the grain company to absolutely obstruct the street in order to carry on their business with least expense and inconvenience to themselves, yet in the law's concept of the situation such a use is not reasonable or necessary. However, this was not the plaintiff's sole allegation of wrong; but the further charge is made, that, having littered the sidewalk so as to render it unsafe, the grain company neglected, for an unreasonable time, to clean it off. We are clear that this allegation was sustained. At the time of the injury business hours were over; trucking had ended for the day; the active moving of men and goods, which of itself would have been some protection to passers by, in that it would have put them on the lookout, had ceased; no reason appears why the sidewalk was not cleaned; but it was left there, according to the proof, slick and slanting, its smooth, greasy surface, hidden under a coating of straw, itself a slippery sub-

stance. Justification by business necessities for the creation of a temporary obstruction in the street does not extend in any event after the immediate necessity has ceased, and a reasonable time for its removal has elapsed. It is not necessary for the plaintiff, in order to withstand nonsuit, to prove all the acts of wrong alleged; generally proof of any one of them is sufficient. *R. & D. R. Co.* v. *Worley,* 92 *Ga.* 87; *Garrett* v. *Morris,* 104 *Ga.* 88; *Bloom* v. *Am. Gro. Co.,* 116 *Ga.* 784; *Howard* v. *Dayton Co.,* 94 *Ga.* 416; *So. Ry. Co.* v. *Hardin,* 107 *Ga.* 379.     *Judgment reversed.*