406. WILLIAM BENSEL CONSTRUCTION CO. *v.* HOMER.

1. A city may by reasonable ordinance limit the amount of space in the street which may be occupied by material assembled for the erection of a building on an abutting lot. A violation of such an ordinance is, as against a member of the public using the street for ordinary travel and injured by reason of such violation, per se wrongful and negligent; and the court may so instruct the jury.

2. Pedestrians have the right to use the entire highway, and are not confined to the sidewalks alone. If a pedestrian leaves the sidewalk and enters upon the portion of the highway devoted primarily to vehicles, the surroundings may require of him the exercise of a greater amount of care and caution for his own protection than if he had remained upon the sidewalk; but the question of his negligence under the circumstances is one for the jury.

3. There being evidence justifying a finding that the defendant was negligent, that the plaintiff was injured as the proximate result thereof, and that the plaintiff was not guilty of such contributory negligence as to defeat a recovery, the verdict in the latter's favor is sustained.

Action for damages, from city court of Atlanta—Judge Reid. January 31, 1907.

Argued June 21,—Decided July 18, 1907.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*James L. Key,* contra.

POWELL, J.   Mrs. Homer recovered a verdict against the William Bensel Construction Company for personal injuries; and the latter, its motion for a new trial having been overruled, brings error.   The defendant was engaged in erecting a building on the north side of Trinity avenue in the city of Atlanta, and, under building permits and a city ordinance allowing the laying of building material on the street and sidewalk to the extent of one half the width thereof, had piled lumber and other building material in the street.   Mrs. Homer lived on the north side of Trinity avenue just above the place where the building was being erected, and returning home after nightfall she stumbled over a piece of scantling projecting from underneath a pile of lumber, fell, and sustained injuries.   According to her testimony, which is to be taken as true (although contradicted), since the jury decided in her favor, the pile of lumber covered more than one half the width of the street, and the sidewalk was totally obstructed; the piece of scantling over which she stumbled projected about five feet further out into the street than did the outer margin of the pile of lumber.   A city ordinance required the placing of lighted lanterns so as to mark the corners of such obstructions; and while three lanterns were placed on the lumber, they were not so placed as to indicate that there was any obstruction beyond the margin of the lumber; and owing to the darkness the plaintiff did not see the scantling. She knew that the building was going on, and that lumber was piled in the street, but did not know of this scantling, as it had been placed there since she had last passed the place where it was.   Coming up Trinity avenue towards her home, when she reached the obstruction on the sidewalk she attempted to go around it in the street, though she could have avoided it by using the sidewalk on the south side of the avenue.   The ordinance of the city provides (omitting immaterial parts): "Any person or persons actually building, or about to build or repair any building, may collect and lay all such materials as may be necessary for such building or repairs in the street, lane, or alley next adjoining to or in front of such building or repairs, and such person or persons so building or repairing shall have the privilege of using one half of the side-

walk and one half of the width of the street adjoining or in front of said building or repairs; during all such times as such materials shall so lie in any street, lane, or alley, the owner or proprietor of such materials shall cause a lamp or lantern, with good and sufficient light therein, to be securely hung up, placed or fixed on a post, or otherwise, at each of the two corners of such enclosure projecting into the said street, lane, or alley, and in such manner as clearly and plainly to show the place and extent occupied by such material."

It is urged by the plaintiff in error that the verdict is contrary to the evidence, because the plaintiff by ordinary care could have avoided the injury, and because the negligence, if any, of the defendant was not the proximate cause of the injuries. Exception is also taken to the following instructions of the court to the jury: "This defendant had the right, under the permit issued to it by the city, to use one half of the width of the street in laying its material, piling and keeping it, during the progress of the building, but it did not have the right to go any further than half the width of the street; and if it used any more than half the width of the street for the purpose, such use, beyond a half of it, was in violation of the city ordinance, and unlawful, and it would be as against any person who sustained injury on account of such violation, if such person did sustain injury, negligence as against that person. But if they did not exceed half the width of the street, gentlemen, if they were within their legal rights as defined under this ordinance, then, so far as their acts being a question of negligence, as a matter of law, there would be no negligence, if they did not violate the ordinance." Also: "This clause of the ordinance means just what it says, expressed in plain English words, and I can not make it any clearer by enlarging upon it. If there was a failure on the part of the defendant to comply with that clause of the section with reference to the lights, that would be a violation of the ordinance, and, as against any person injured on account of it, would be negligence as a matter of law, and you would so consider it. If there was no violation of its terms, to which I called your attention, then as a matter of law, gentlemen, there would be no negligence with reference to the lights, but would become a question for you, under the instructions which I shall now give you on the general subject of negligence." Also: "So far

as going along the street is concerned, as a matter of law, a pedestrian, that is one walking, has the legal right to walk on any part of the street as well as the sidewalk. Now whether a pedestrian, or person walking, is in violation of ordinary care in going upon any part of the street at any time, or at a given time and place, under a given state of circumstances and facts, is a question for the jury to determine. Whether ordinary care required one not to have done it, or whether one could have done it in the exercise of ordinary care,—it becomes a question of fact for the jury to say what ordinary care required under the circumstances." Other exceptions were taken; but as they do not involve any new or interesting questions, we shall not elaborate them, but merely state that they present no error.

1.   An unlawful obstruction to the free and safe passage along a public street is a nuisance; and ordinarily a person specially injured thereby has a cause of action. *Brooks* v. *Atlanta,* 1 *Ga. App.* 678, 57 S. E. 1081, and cit. The *city* may by a reasonable ordinance limit the amount of space in the street which may be occupied by material assembled for the erection of a building on an abutting lot. No complaint is made that the ordinance in question is unreasonable or invalid. As against a member of the public injured as the proximate result thereof, a violation of such an ordinance is per se wrongful and negligent; and the court may so instruct the jury. This is no invasion of the province of the jury to determine questions of negligence from the facts proved; for if the ordinance and the violation be shown, the negligence follows as a matter of law. *Central Ry. Co.* v. *Bond,* 111 *Ga.* 14 (7), 17, 36 S. E. 299, and cit. Likewise where the city ordinance requires the placing of lanterns to indicate the presence and the boundaries of obstructions permitted in the streets, non-compliance with the requirement is negligent. *Wilson* v. *White,* 71 *Ga.* 506, 51 Am. R. 269.

2.   We think the instruction of the court upon the subject of the right of a pedestrian to use the street, instead of confining himself to the highway, correctly states the law. The entire highway is for the use of pedestrians; and if a person on foot leaves the sidewalk and goes upon the portion of the street devoted primarily to the use of vehicles, he is not necessarily negligent. The circumstances may require of him a greater amount of care and cau-

.tion for his own protection than if he remained upon the sidewalk; but this is all an open question for the jury. *A. & W. P. R. Co. v. A. B. & A. Ry. Co.,* 125 *Ga.* 529, 54 S. E. 736; *Brunswick R. Co.* v. *Gibson,* 97 *Ga.* 498,. 25 S. E. 484.

3. We can not hold that the plaintiff was guilty of such contributory negligence as to defeat her recovery. We presume that this question was fairly submitted to the jury, as there is no complaint to the contrary. We can not say as a matter of law that common prudence demands that a pedestrian who, walking along the sidewalk on one side of the street, meets with an obstruction, shall, in order to reach a point further along on the same side of the street, cross to the opposite sidewalk, proceed till the obstruction be passed, and then recross, rather than attempt to go around the obstruction by using that portion of the street which under the law should not be obstructed and which the location of the danger signals does not indicate to be obstructed. Nor can we say that the violation of the ordinance in question was not the proximate cause of the injury. It is true that .if the lumber had been piled within the lawful limits and the projecting scantling had also been situated within those bounds, and the plaintiff had attempted to pass as close to the lumber as she did, in all probability she would have been injured just as she was. If this had been the case, and lanterns properly placed had indicated the presence of the scantling or other obstruction within the boundaries so marked out, and the plaintiff had transgressed within these bounds, she could not have recovered. She then would have been injured, but the defendant would have been free from wrong and therefore not responsible; but such is not the case. The defendant wrongfully placed an obstruction where it did not have the right to place it; the plaintiff, using the highway in the exercise of ordinary care, and without notice of the presence of the obstruction, fell over it and was injured. These are the facts found to be true by the jury; and the recovery is therefore sustained.                              *Judgment affirmed.*