### 7958.  CITY COUNCIL OF AUGUSTA *v.* JACKSON.

1. "The primary purpose of a street is for passage and travel, and any unauthorized and illegal obstruction of its free use comes within the definition of a nuisance; and such obstruction as would leave the street or way in an unsafe condition or impair its use in an unreasonable manner or for an unreasonable time would render the city liable for any damage resulting therefrom." *Simon* v. *Atlanta,* 67 *Ga.* 618 (44 Am. R. 739); *Robins* v. *McGehee,* 127 *Ga.* 431 (2) (56 S. E. 461).
2. "Without express legislative authority, a municipality can not grant

to any person the right to erect or maintain a structure or obstruction in a public street." Civil Code (1910), § 894.

3. In the charter of the city of Augusta there is nothing that permits the city authorities to grant the use of its streets for the operation of an enterprise of the nature indicated by the plaintiff's petition. Especially are they powerless to grant to a carnival association the right to erect in a public street and maintain during the period of a week's carnival a shooting gallery, which is to be operated for the amusement of the public and for profit to the owners, and in which revelers at the carnival are permitted to discharge deadly firearms, thereby endangering persons lawfully upon and using other streets or other parts of such obstructed street. *City Council of Augusta* v. *Reynolds*, 122 *Ga.* 754 (2) (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. R. 147).

4. Where it is shown that a city, through its officers who are charged with the supervision of its public streets, undertook without authority of law to grant the right to maintain a nuisance therein, it is not necessary to show that the city had notice of the condition of the street during any of the time that the nuisance was in operation, but such condition will be held to have been brought about by the city itself, and the city is therefore charged with knowledge of the exact condition thus produced. *Mayor &c. of Savannah* v. *Donnelly*, 71 *Ga.* 258; *City Council of Augusta* v. *Cone*, 91 *Ga.* 714 (17 S. E. 1005); *City of Rome* v. *Davis*, 9 *Ga. App.* 62 (70 S. E. 594); Little *v.* Madison, 42 Wis. 643 (24 Am. St. R. 345).

5. Where, in violation of the positive duty of a municipality to keep its streets in a reasonably safe condition for travel, its officers license or permit the use of a public street in such manner as to constitute a dangerous nuisance, and injury results to one of the public passing along the street, liability can not be avoided by the municipality on the ground that the licensing or allowance of such use of the street was illegal or ultra vires.

6. The petition sets forth a cause of action, and the defendant's special demurrer is without merit.

DECIDED AUGUST 3, 1917.

Action for damages; from city court of Richmond county— Judge Black. October 17, 1916.

*C. Henry Cohen,* for plaintiff in error.

*T. F. Harrison,* contra.

LUKE, J. Sarah Jackson brought an action against the City Council of Augusta, to recover damages for the homicide of her son, Willie Jackson. In her petition it is alleged that the defendant granted a permit or license to a designated fraternal order to maintain and operate a street carnival in certain public streets of the city of Augusta, under which permit the enterprise occupied the space of 75 or 80 feet in one of the principal streets, and from 20 to 30 feet along the side of another street, consisting, in part,

of numerous tents, shows, and exhibitions, in front of which were stationed men blowing horns and talking through megaphones to attract attention, with various other stands, booths, and structures; a Ferris wheel, a merry-go-round, a shooting gallery, and other devices for the amusement of the public and the profit of the owners; that a shooting gallery was located at the intersection of Broad and Center streets, occupying a portion of both streets, having an obstruction at one end to prevent bullets from passing through, but having on its sides nothing but a white cloth to prevent bullets from being shot or deflected through the sides and injuring persons lawfully upon and using other streets and other portions of Broad and Center streets; that on the last day of the carnival the deceased, a boy thirteen years of age, was walking along Center street, when suddenly, without warning or fault on his part, he was shot in the head by a rifle bullet discharged from one of the rifles used in connection with the said shooting gallery, the bullet being deflected from the faulty back-stop and through the canvas sides of the shooting gallery, inflicting upon the deceased a wound, from which he died on the sixth day thereafter. The plaintiff not only avers that the defendant expressly permitted an alleged enterprise to be put in operation, but also avers that the defendant then and there knew, and had sufficient opportunity to put it on notice, as to the existence of such dangerous shooting gallery. The other allegations of the plaintiff's petition, dealing with the earning capacity of the deceased, her dependence upon him, his contribution to her support, and the statutory notice to the defendant of the plaintiff's claim, are unimportant here. To this petition the defendant demurred both generally and specially; and, upon its demurrer being overruled, it excepted. The several grounds of special demurrer are but amplifications of the general demurrer, and amount to the contention that the city was without authority of law to grant the alleged permit to obstruct its streets, that such act on its part was ultra vires and void, and that, for these reasons, "it could not be held responsible because a carnival company without legal authority from said city occupied said streets and maintained a shooting gallery."

1-6. The headnotes, with the authorities therein cited, sufficiently cover every proposition involved in this case, except as to the defense of ultra vires; and that defense, we think, has no ap-

plication to a case of this character. This action is brought to recover damages resulting from the failure of the city to keep its streets in a reasonably safe condition for passage and travel. It is not based upon the theory that the carnival company had any legal right to obstruct any of the public streets in question, but rather upon the theory that the company did not have any such right. This case is not a proceeding to uphold in any way the unauthorized contract or permit, but the sole legitimate purpose of the allegation that the city granted such a permit is to charge the defendant with knowledge of the unsafe condition of the streets thus permitted to be caused as well as to exist. In other words, the plaintiff's petition charges a double wrong on the part of the defendant city, namely, causing a public street to be put in a dangerous condition, and then knowingly permitting it to remain in such condition. It charges an act of commission as well as an omission, each of which is a violation of that duty imposed by law upon every municipality to keep its streets in a reasonably safe condition for passage and travel. Two wrongs can not make a right, especially as against a person who is himself without fault; nor will the defendant be heard to plead one of its wrongs as a defense to another.

*Judgment affirmed. Wade, C. J., and George, J., concur.*