18329.    SALA v. BLUE DIAMOND MORTAR CO. *et al.*

18330.    GIANOLA *et al.* v. SALA *et al.*

Each count of the petition, by which it was sought to recover damages for
    personal injuries from the collision of an automobile with crushed rock
    alleged to have been placed in the highway by Blue Diamond Mortar

Motor Vehicles, 42 C. J. p. 1190, n. 2; p. 1262, n. 40.
Nuisances, 29 Cyc. p. 1177, n. 53.
Pleading, 31 Cyc. p. 83, n. 16.
    30

Company for Gianola Company, to be used in work of the latter company for a certain individual, set out a cause of action against Gianola Company, and neither count set out a cause of action against Blue Diamond Mortar Company. None of the special demurrers was meritorious. It follows that the judgment overruling the demurrers of Gianola Company was correct, and that the judgment sustaining the general demurrer of Blue Diamond Mortar Company was also correct.

DECIDED DECEMBER 13, 1927.

Action for damages; from Fulton superior court—Judge Humphries. June 14, 1927.

*Albert E. Mayer, Hewlett & Dennis,* for plaintiff.

*Dodd & Dodd,* for defendants.

LUKE, J. Mrs. Rosa L. Sala brought her action in two counts against Blue Diamond Mortar Company, a corporation, and Peter and Julius Gianola, trading as copartners under the name and style of "Gianola Company." After the petition had been twice amended to meet the defendants' general and special demurrers, the court overruled the demurrers of Gianola Company, and sustained the demurrer of Blue Diamond Mortar Company, and dismissed the petition as to it. Gianola Company excepted to the judgment overruling its demurrers, and Mrs. Sala excepted to the judgment sustaining the demurrer of Blue Diamond Mortar Company.

The first count of the petition is substantially as follows:

1. Defendants are named.

2. Defendants jointly and severally injured and damaged petitioner in the sum of $10,000.

3. "On February 29, 1924, and for a few days prior thereto, defendants Gianola were doing certain concrete work for M. C. Kiser at or near his home on Peachtree Road, just beyond the incorporated limits of the City of Atlanta." (By amendment the following was added to this paragraph:) "Peachtree Road at said point is a thickly populated community, and is constantly used by the public in driving automobiles on the right-hand side going north."

4. "That on or about said date, said defendants Gianola had ordered from defendant Blue Diamond Mortar Company a certain quantity of crushed rock, said rock to be delivered by defendant Blue Diamond Mortar Company at the work being done for M. C. Kiser." (The following was added by amendment:) "And the said Gianola Company requested the said Blue Diamond

Mortar Company at the time of ordering said crushed rock, that said rock be placed by the Blue Diamond Mortar Company for defendant Gianola Company in Peachtree Road in front of the said place where the work was to be done."

5. "That Peachtree Road is a public thoroughfare running from the City of Atlanta north to Buckhead; that M. C. Kiser resides approximately 400 yards north and outside the limits of said City of Atlanta."

6. "That on said date, and about dusk or shortly prior thereto, defendant Blue Diamond Mortar Company hauled and delivered the said load of crushed rock to defendants Gianola by placing the same in Peachtree Road on the right-hand side going north and just in front of the home of the said M. C. Kiser." (The following was added by amendment:) "That at the time of the delivery of said load of crushed rock, defendant Blue Diamond Mortar Company was represented by its driver and other employees attached to said truck, whose names are unknown, and who unloaded and dumped said crushed rock in said highway on the right-hand side thereof going north; and said Gianola Company was represented by its employee or foreman in charge of said work, whose name is unknown to plaintiff, but who was present and directed where said crushed rock should be dumped or placed, and who received the same; and said crushed rock was thus delivered and received by defendants and left in said highway." (This paragraph was further amended by adding the following:) "That on account of the fact that it was about dusk, and the further fact that the said public highway was being constantly used by vehicles, it was the duty of the Blue Diamond Mortar Company, in the exercise of ordinary care, when they placed said crushed rock in said highway, to have placed thereon red lights or other signals to have warned persons using the highway that the same was there; and it was also the duty of the Gianola Company, the other defendants, in the exercise of ordinary care, for the same reasons, that is, because it was about dusk, and because the highway was being constantly used by vehicles as aforesaid, to have placed red lights or other signals upon said crushed rock, to warn persons using the highway that the same was there."

7. "That neither the defendant Blue Diamond Mortar Company nor the defendants Gianola removed said rock from said

public highway, but allowed the same to remain placed therein; and neither of said defendants placed upon or about said crushed rock any lights or signals to warn persons using the highway that the same was there."

8. "That on said date and about the hour of nine o'clock p. m., petitioner was riding in her automobile, which was being driven by her husband, out said Peachtree Road in a northerly direction, towards and by the home of the said Kiser." (By amendment the following was added to this paragraph:) "That said automobile had attached to the front two bright headlights as required by law, which were lighted, but on account of the fact that said crushed rock was of the same color as the highway it could not be distinguished from the highway; and although the plaintiff and her said husband were looking directly ahead, neither saw, nor could have seen, that said rock was placed in said highway because of the reason aforesaid."

9. "That said automobile reached said point, and without any warning whatever the same struck and collided with the said crushed rock, breaking the glass windshield, which flew back into the face of petitioner, and severely cut, bruised and injured her, as will be hereinafter set forth."

10. "That said defendant Blue Diamond Mortar Company and defendants Gianola, by the placing of said crushed rock in said highway and allowing the same to remain therein, created and maintained a nuisance."

11. "That plaintiff's husband did not see said pile of crushed rock, had no warning whatsoever of same, and he and she were free from all fault and blame in the premises.".

12. Plaintiff was injured in designated particulars.

13. Plaintiff was 42 years of age and strong and healthy, and suffered pain and permanent injuries.

Count 2 is identical with count 1 except in the following particulars: Paragraph 10 of count 1, alleging the creation and maintenance of a nuisance, is omitted from count 2. Paragraph 11 of count 1 appears in count 2 as paragraph 10, and there is no paragraph in the second count numbered 11. Two new paragraphs numbered 14 and 15 were added to the second count. They are as follows: 14. "That defendants were negligent in the following particulars: (*a*) In placing said rock in the public

highway. (*b*) In failing to place thereabouts lights or barriers to prevent persons from colliding therewith." 15. "That petitioner was free from all fault and blame in the premises, and was in the exercise of ordinary care, for that her said husband at said time was driving at a reasonable rate of speed, and had no knowledge of the fact that the rock was in the highway."

1. We shall first consider the exceptions of Gianola Company. It is urged that the court erred in overruling the general demurrer because: (*a*) Plaintiff's injuries, if any, were due to the negligence of her husband, the driver of the car. (*b*) The alleged injuries could have been avoided by the exercise of ordinary care. (*c*) The facts set out in count 1 did not constitute either the creation or the maintenance of a nuisance.

It is contended that since two bright head-lights were attached to the car and both plaintiff and her husband were looking directly ahead, it clearly appears that the collision was caused by the husband's negligence, and that it could have been avoided by the exercise of ordinary care; and, further, that the allegation that said rock could not be distinguished from the highway controverts all human experience, and, in the light of the other allegations of the petition, could not be true. In this connection it is contended that *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643), is controlling, and settles the issue in favor of Gianola Company. With this conclusion we do not agree. In that case the driver of the automobile, knowing that he was blinded by a bright light, drove the car onto a railroad-crossing, a known place of danger, and into a standing train of freight-cars. This court is not prepared to say upon demurrer that the allegation in the petition under consideration that neither plaintiff nor her husband could or did see the crushed rock in the highway, because it was the same color as the highway, was untrue because the automobile was lighted with headlights and both parties were looking directly ahead. This was a jury question, and the court did not err in so considering it.

Nor do we see any merit in the contention that the facts set out in count 1 do not show the creation or maintenance of a nuisance. In *Mayor &c. of Columbus* v. *Jaques,* 30 *Ga.* 506, the second headnote reads: "Any obstruction to a public street in a city is a public nuisance." In the body of this decision (p. 512),

the following occurs: "There is no doubt but that all injuries whatsoever to a highway, as by digging a ditch or making a hedge across it, or laying logs of timber in it, or by doing any other act which will render it less commodious to the King's subjects, are public nuisances at common law." "The primary purpose of a street is for passage and travel, and any unauthorized and illegal obstruction of its free use comes within the definition of a nuisance; and such obstruction as would leave the street or way in an unsafe condition or impair its use in an unreasonable manner or for an unreasonable time would render the city liable for any damages resulting therefrom." *City Council of Augusta* v. *Jackson,* 20 *Ga. App.* 710 (93 S. E. 304) ; *Simon* v. *Atlanta,* 67 *Ga.* 618 (44 Am. R. 739). See also *Maddox* v. *Cunningham,* 68 *Ga.* 431 (3), (4), (5) (45 Am. R. 500). The allegations of the petition that Gianola Company, through its employee or foreman, directed the placing of said rock, and that it was received at about dusk, and was permitted to remain in the highway, are sufficient to withstand the demurrer.

The petition as amended was not subject to any of the special demurrers. One demurrer is that neither the color of said crushed rock nor the color of the highway is set out. In view of the amendment to paragraph 6 of each count, we are clear that the overruling of this demurrer was not error. The other special demurrers were met by amendments, and it would answer no good purpose to discuss them.

We now come to consider the exceptions of Mrs. Sala, complaining of the judgment sustaining the demurrer of Blue Diamond Mortar Company and dismissing the petition as to it. The petition alleges that Gianola Company was represented by its employee or foreman in charge of said work, . . who was present and directed where said crushed rock should be dumped or placed. Construing the petition as a whole, in the light of the foregoing allegation, we do not think that Blue Diamond Mortar Company did more than fill an order to deliver crushed rock, and are of the opinion that it was not responsible either for placing the rock in the highway or for allowing it to remain there. It follows that the court properly sustained the demurrer of the Blue Diamond Mortar Company.

*Judgments affirmed.  Broyles, C. J., and Bloodworth, J., concur.*