### A90A0522. LAGOUEYTE v. ROCKET EXPRESS.
(395 SE2d 389)

POPE, Judge.

Plaintiff Natalie Lagoueyte appeals the grant of summary judgment to defendant Rocket Express in this automobile collision case. Vehicles driven by Lagoueyte and co-defendant Garry Bonney collided on June 10, 1988. Bonney was driving a truck leased to Rocket Express under a contract between it and Albert Parker d/b/a Parker Trucking. Bonney was directly employed by Parker. At issue on appeal is whether the record shows a genuine issue of fact regarding Parker's status as an independent contractor. *Held*:

The contract between Parker and Rocket Express leased certain vehicles to Rocket and in paragraph 4 gave Parker "full operating authority over the use of the leased vehicle and . . . complete discretion in the manner and method utilized in making delivery of the property given to [Parker] by [Rocket] for delivery. That [Parker], operating as an independent contractor, shall be fully and completely responsible for all loss and damage, both personal injury and property damage, as a result of the operation of any motor vehicle by [Parker], [his] agents, servants or employees." Lagoueyte does not dispute that the contract sets out that Parker is to be an independent contractor of Rocket Express. "Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed . . . control [over the time, manner and method of executing the work]. [Cit.]" *American Family Life Assur. Co. v. Welch*, 120 Ga. App. 334, 339 (170 SE2d 703) (1969). "The test to be applied in determining whether the relationship of the parties under the contract for performance is that of master and servant or that of employer and independent contractor lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the con-

tract." (Citations and punctuation omitted.) *Spell v. Port City Adhesives*, 183 Ga. App. 816, 817 (360 SE2d 63) (1987). Lagoueyte argues the evidence in the record shows that Rocket Express did assume control to the extent that it would be liable under the theory of respondeat superior.

In opposition to the motion for summary judgment by Rocket Express, Lagoueyte submitted an affidavit by Parker. In the affidavit he stated that Rocket Express had exclusive use of the leased vehicles, that it obtained all relevant permits and licenses to operate the vehicles, that Rocket Express maintained the authority to fire the drivers and had done so, that Rocket Express had an implicit right to designate the use of particular vehicles for particular tasks and that it had done so. Parker also averred that Rocket Express could designate the route the trucks would travel, that it maintained liability insurance on the trucks and that the truck involved in the accident was on dispatch from Rocket Express at the time of the accident.

At his deposition, counsel for Rocket Express questioned Parker about his affidavit. Rocket Express argues that Parker's deposition testimony clearly repudiates his earlier "conclusory" affidavit and establishes that he was an independent contractor. The record does not support this argument. In deposition, Parker was asked, "You do have control to determine who is going to make a particular delivery, correct?" He replied, "Well, yes, I can do that, unless they [Rocket Express] request something different." Parker also testified that he could not hire drivers to run freight for Rocket Express until the driver was approved by Rocket Express and that it had terminated more than one of his drivers or, "as [Rocket Express] call[ed] it, disqualified them." Bonney, the driver at the time of this incident, had been approved by Rocket Express. Further, Parker's testimony showed that Rocket Express always maintained control over which of his drivers could drive for him under the contract. As Parker stated, if he sent a driver to Rocket Express, as far as Parker was concerned, the driver was okay, but the head of safety for Rocket Express would check references, give him a written test and a road test and make a decision whether to approve or disapprove his hiring. The whole tenor of the deposition is that Rocket Express controlled who drove the trucks leased to it and that Parker believed they had the authority to designate the equipment to be used. Further, Parker testified that what he said in his affidavit is true.

Given this record, the grant of summary judgment was improper. Genuine issues of fact remain regarding whether, in spite of the language of the contract, Rocket Express assumed control of Parker's employees in the performance of the tasks associated with the contract. We do not find persuasive Rocket Express' argument that because it could only "disqualify" Parker's drivers and could not termi-

nate them from his employ, Parker and his employees remained independent contractors of Rocket Express.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 27, 1990.

*James A. Goldstein, Dennis J. Redic*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde, R. Michael Ethridge, Robert W. Browning*, for appellee.