A90A1413. TRANSUS, INC. et al. v. CROSBY et al.

(397 SE2d 135)

DEEN, Presiding Judge.

This appeal is from a judgment in a wrongful death action arising out of a vehicular collision between an automobile driven by the decedent, appellee Crosby's wife, and a truck belonging to appellant Transus, Inc., and driven by appellee Blair. Mr. Crosby sued individually and as temporary administrator of the estate; he named Transus' insurer, Protective Insurance Company, as a defendant. He alleged that Blair was an agent, employee, or servant of Transus and that his alleged negligence was therefore imputable to Transus and the latter's insurer.

Transus and Protective answered, denying that Blair was an employee of Transus; they subsequently moved for summary judgment on the ground that Blair was an independent contractor rather than an employee. Crosby then moved for partial summary judgment, alleging (1) that Blair was operating the truck pursuant to Transus' permission, consent, and direction and in furtherance of its trucking business; (2) that at the time of the collision Blair and the vehicle were covered under Protective's insurance policy and bond, with Transus as principal and Protective as surety; and (3) that under pertinent provisions of the Interstate Commerce Carrier Act and the Georgia Public Service Commission, Transus is required to assume full direction and control of, and full responsibility for, its vehicles, and is therefore vicariously liable for Blair's actions. The trial court denied appellants' motion and granted that of appellee Blair, finding that Blair was a statutory employee of Transus. This appeal followed, the trial court's disposition of each of the summary judgment motions being enumerated as error. *Held:*

1. Scrutiny of the record sub judice leads us to conclude that it is indisputable that at the time of the collision Blair was operating Transus' truck pursuant to Transus' permission, consent, and direction, and in furtherance of Transus' business. This being so, Blair was acting as Transus' agent, OCGA § 10-6-1, and was acting within the scope of the authority granted him, OCGA § 10-6-50.

It is well settled that when an agent acts within the scope of his

authority, the principal is responsible for those acts. In a venerable Georgia case, *Maddox & Rucker v. Cunningham*, 68 Ga. 431 (1882), defendant/appellants were cotton warehousemen whose business required that bales of cotton be unloaded from wagons on the sidewalk in front of their warehouse and then carried inside; the bales were supposed to remain on the sidewalk for as short a time as possible and were supposed to be placed in such manner as to permit free passage by pedestrians. As plaintiff/appellee was walking along the sidewalk, one of the stacked bales either fell of its own weight or was knocked over by a passing vehicle and struck appellee, causing serious injury. Appellee brought an action in which she alleged, inter alia, that "the accident resulted from the negligent manner in which defendants caused their cotton to be piled on the sidewalk." Id. at 432. The jury awarded damages to plaintiff/appellee, and the Supreme Court affirmed, holding that the bales of cotton had been set on the sidewalk at defendant/appellant's behest and had been negligently placed and allowed to remain there, and that "[w]hat an agent does in the line of duty devolved on him by the superior, will make the latter responsible." Id. at 434.

As in *Maddox*, supra, there was no showing of contributory negligence in the case sub judice. Therefore, following the principle set forth in *Maddox* and affirmed in innumerable subsequent decisions, we find that Transus as principal was responsible for any negligent act of Blair, its agent, in causing the collision with the automobile driven by the decedent.

Furthermore, under OCGA § 33-34-2 (5), " 'Insured' means, in addition to the insured named in the policy, . . . any other person using or occupying the insured vehicle with the express or implied permission of the named insured. . . ." It is beyond dispute that Blair was driving the vehicle with express permission of Transus employees authorized to give or withhold permission in such situations. It is clear, then, that Blair was by definition an insured under any insurance policies issued by Protective to Transus.

2. In light of our holding in Division 1, supra, we find it unnecessary (beyond noting that *Nationwide Mut. Ins. Co. v. Holbrooks*, 187 Ga. App. 706 (371 SE2d 252) (1988), dealt with *leased* vehicles) to reach the "statutory employee" analysis set forth in the trial court's order and challenged on appeal by Transus and Protective.

We affirm the decision below under the rule of "right for any reason." *State v. Speir*, 189 Ga. App. 254 (375 SE2d 298) (1988).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 17, 1990 — CERT. APPLIED FOR.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, John
E. Bumgartner*, for appellants.
*Gilbert, Whittle, Harrell & Scarlett, James B. Gilbert, Jr.,
James E. Graham, Hutto, Palmatary, Magda & Krider, Jack Hutto,
Karen M. Krider*, for appellees.