A91A1211, A91A1212. TRANSOUTHERN FREIGHT SYSTEMS, INC. v. ASTLEY; and vice versa.
(411 SE2d 501)

BANKE, Presiding Judge.

Appellee Astley brought suit against appellant Transouthern Freight Systems, Inc., d/b/a Pilot Air Freight, to recover actual and punitive damages for injuries he had allegedly sustained when a vehicle he was driving was struck by a courier van which was owned by the appellant and which was being operated by a driver in its employ. The trial court directed a verdict in favor of the appellant with respect to the appellee's claim for punitive damages, and a jury thereafter returned a verdict in favor of the appellee for actual damages in the amount of $225,000. The appellant filed an appeal from the judgment entered in this verdict, and the appellee filed a cross-appeal.

As the appellant's driver, Richard Whitener, was attempting to turn left onto Shirley Drive from the southbound lanes of Fulton Industrial Boulevard, he observed that the vehicles in two of the three northbound lanes were stopped due to traffic that had backed up north of the intersection. These vehicles blocked Whitener's view of the remaining northbound lane, in which the appellee's vehicle was approaching the intersection. Whitener nevertheless proceeded to make his left turn, and as he was doing so he struck the appellee's vehicle on the driver's door. Whitener acknowledged at trial that his view of the appellee's lane was obstructed but testified that he was in a hurry to pick up an item from a customer's place of business before

it closed at 5:00 p.m. and that he thought he "had a clear shot across" the intersection. The appellee testified that he did not see Whitener's van until the "instant before impact," and Whitener conceded that there was nothing the appellee could have done to avoid the collision. *Held*:

1. The appellant contends that it was entitled to a directed verdict on the ground that Whitener was an independent contractor rather than an employee acting within the scope of his employment. This contention is clearly without merit. It was established that all of the vans which Whitener drove in connection with his employment were provided to him by the appellant, that they all bore the company name on the sides, that Whitener was not responsible for their maintenance, upkeep, or repair, and that the appellant's president or dispatcher decided which vehicle he would drive and where and in what order he was to make his pickups and deliveries. The evidence in this case clearly supported a finding that, "at the time of the collision, [Whitener] was operating [the appellant's van] pursuant to [the appellant's] permission, consent, and direction, and in furtherance of [the appellant's] business. This being so, [Whitener] was acting as [the appellant's] agent, OCGA § 10-6-1, and was acting within the scope of the authority granted him, OCGA § 10-6-50." *Transus, Inc. v. Crosby*, 196 Ga. App. 880 (1) (397 SE2d 135) (1990). See also *Lagoueyte v. Rocket Express*, 196 Ga. App. 143 (395 SE2d 389) (1990).

2. The trial court did not err in refusing to give the appellant's requested charges on comparative and contributory negligence. The appellant's contentions that the appellee was traveling at an excessive rate of speed and failed to keep a proper lookout were conclusively negated by the evidence. The evidence established without dispute that the appellee was driving within the speed limit, that he had a green light to proceed across the intersection, and that he was unable to see Whitener's vehicle until the instant before it struck him. Under the circumstances, there was no basis for a finding of any negligence on his part which might have contributed to the collision. See generally *MARTA v. Allen*, 188 Ga. App. 902 (7) (374 SE2d 761) (1988). Here, as in *Wilson v. Valentine*, 199 Ga. App. 244, 245 (3) (404 SE2d 600) (1991), "the evidence of record . . . including [Whitener's] own testimony, conclusively negates any allegation that the collision was proximately caused by negligence on the part of the [appellee] and establishes as a matter of law that [Whitener] simply drove directly into [the appellee's] vehicle [while making a left turn into oncoming traffic]."

3. Although the appellee filed a cross-appeal challenging the trial court's grant of a directed verdict against him on his claim for punitive damages, he has indicated to this court that he does not desire to

pursue this appeal in the event the verdict and judgment of the trial court is affirmed. Therefore, we do not reach the merits of the cross-appeal.

*Judgment affirmed in Case No. A91A1211. Appeal dismissed in Case No. A91A1212. Carley and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 — ▮▮▮▮▮▮

*Parkerson, Shelfer & Connell, George H. Connell, Jr.,* for appellant.

*Barry M. Hazen, Albert R. Sacks,* for appellee.