## DAVIS v. BUCKEYE COTTON OIL COMPANY.

A warehouseman engaged in the purchase and storage of cottonseed adopted a contrivance to convey the seed from his warehouse over the sidewalk in a city to cars, by placing benches on the sidewalk and laying planks on them, over which the seed was carried in wheelbarrows. When not in use the contrivance was taken down and the benches were placed on the edge of the sidewalk. On the day of the plaintiff's injury the benches were observed by him to have been placed on the edge of the sidewalk. A rainstorm of not unusual severity, with wind blowing sufficiently strong to move the benches to the middle of the sidewalk, occurred about dark, and the electric street lights were extinguished. About nine o'clock the plaintiff, while walking on the sidewalk, and on account of darkness not being able to see the benches which lay in the middle of the sidewalk, fell over them and was injured. Upon these facts being made to appear, it was for the jury to say whether the negligence of the warehouseman was the cause of the injury.

MAY 12, 1915.

Action for damages. Before Judge Graham. · Pulaski superior court. February 12, 1914.

. H. E. Coates and W. L. & Warren Grice, for plaintiff.

Miller & Jones, for defendant.

EVANS, P. J. C. D. Davis brought suit against the Buckeye Cotton Oil Company to recover damages for a personal injury, and sustained a nonsuit. It appeared that the defendant maintained on the western side of Houston street, between First and Second streets, in the City of Hawkinsville, its place of business for the purpose of buying, weighing, and shipping cottonseed, its storage-house being near the sidewalk. The track of the railroad company runs along near the edge of the sidewalk. The defendant adopted a contrivance to convey seed from its seed-house to the railroad cars, by placing benches on the intermediate space on the side-walk and laying planks on them, over which the seeds were conveyed in wheelbarrows. When not in use the contrivance was taken down, and the benches were put on the edge of the sidewalk, near the drain. On the day of the injury the plaintiff, while en route to his business, passed the seed-house and observed the benches on the "side of the sidewalk." About dark that afternoon there was a rainstorm which caused the electric lights to be extinguished. There was considerable wind. About nine o'clock the plaintiff started home, and while traveling on the sidewalk, while it was' dark, fell over the benches, which were in the middle, or beaten track, of the sidewalk, and sustained certain injuries.

It is contended by the plaintiff that the defendant was negligent in storing on the sidewalk its contrivance for unloading seed from its seed-house into the cars, and that it is immaterial whether the benches were left upon the sidewalk where they were when the plaintiff fell over them, or were left on the edge of the sidewalk and blown over by the wind, which was not so unusual as not to be anticipated. The sidewalks of a municipality are intended for the use of the public, and must not be so obstructed as to deprive them of that use. In front of a warehouse they may be used temporarily so as to pass over the sidewalk commodities from the warehouse to wagons or cars stationed on the other side of the walk, in the absence of a valid prohibitive ordinance. If the warehouseman conveys his commodity over a temporary gangway constructed by laying planks on benches, he has no right to permanently store the benches on the sidewalk when the contrivance is not in use. Whether the placing of the contrivance on the edge of the sidewalk when not in use be regarded as a permanent or temporary obstruction, if the warehouseman so negligently place it that the whole or a part of it is liable to be blown by wind into the middle of the sidewalk, he will be liable to a pedestrian who in the exercise of due care is injured by falling over the obstruction on a dark night. *Maddox* v. *Cunningham,* 68 *Ga.* 431 (45 Am. R. 500); *Bowen* v. *Smith-Hall Co.,* 141 *Ga.* 721 (82 S. E. 23). It does not affirmatively appear how the benches got to the middle of the sidewalk,— whether left there by the agents of the company or some one else, or blown by the wind from the edge of the sidewalk. The evidence indicates that the benches were of such weight they may have been blown over by the wind. The storm does not appear to have been extraordinary or unusual, and it was the province of the jury to determine whether the benches were in the middle of the sidewalk as a result of the negligence of the defendant. The night was dark, and the plaintiff testified that he was unable to see the bench, and was not aware that it was in the place it was until he came in contact with it. Hence it can not be said as matter of law that he was guilty of contributory negligence. We think the court erred in withdrawing the case from the jury.

*Judgment reversed. All the Justices concur, except Fish C. J., absent.*