### 23764. MASON *v.* FRANKEL.

GUERRY, J. 1. A municipal corporation may by reasonable ordinance limit the right of an abutting owner in obstructing the sidewalk in the exercise of his legitimate business. "As against a member of the public, injured as a proximate result thereof, a violation of such an ordinance is per se negligent." *William Bensel Construction Co.* v. *Homer,* 2 *Ga. App.* 369 (58 S. E. 489); *Brooks* v. *Atlanta,* 1 *Ga. App.* 678 (57 S. E. 1081); *City of Thomasville* v. *Campbell,* 38 *Ga. App.* 249 (143 S. E. 922).

2. Questions as to diligence and negligence, including contributory negligence and what constitutes the proximate cause of an injury complained of, are peculiarly questions for the jury, and this court will not

solve them on general demurrer unless they appear palpably clear. *Savannah Electric & Power Co.* v. *Nance*, 31 *Ga. App.* 632 (121 S. E. 690), and cit. Where a petition alleged, that the plaintiff was proceeding along a sidewalk in the city of Atlanta about four o'clock, p. m.; that she was injured by reason of the defendant's wilful violation of a valid ordinance of the city in placing obstructions on said sidewalk in front of his place of business, said obstruction, along with others, being a small two-wheeled truck upon which she tripped, and where it is further alleged that the truck was partially concealed behind a lard-can in such a way as not to be easily seen, and by reason of the fact that the street was crowded with people and that her attention was momentarily attracted to varicolored and attractive signs in defendant's window, placed therein by said defendant for the purpose of attracting attention, her opportunity to observe the obstruction was interfered with to such an extent that she did not, and could not by the exercise of ordinary care, have seen the obstruction so as to avoid the same, *held:* The petition was not subject to the general demurrer that from the allegations of the petition it affirmatively appeared that the plaintiff was so lacking in ordinary care as to bar a recovery. *Heath* v. *Louisville & Nashville R. Co.*, 39 *Ga. App.* 619 (147 S. E. 793); *McFarland* v. *McCaysville*, 39 *Ga. App.* 739 (148 S. E. 421); *Moore* v. *Sears*, 42 *Ga. App.* 658 (157 S. E. 106); *Dempsey* v. *Rome*, 94 *Ga.* 420 (20 S. E. 335); *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (38 S. E. 389); *Idlett* v. *Atlanta*, 123 *Ga.* 821 (51 S. E. 709); *Southern Bell Tel. &c. Co.* v. *Howell*, 124 *Ga.* 1050 (53 S. E. 577, 4 Ann. Cas. 707); *City of Rome* v. *Phillips*, 37 *Ga. App.* 299 (139 S. E. 828); *Mayor &c. of Americus* v. *Johnson*, 2 *Ga. App.* 378 (58 S. E. 518); *MacDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333 (129 S. E. 917); *Farmer* v. *Ga. Power Co.*, 39 *Ga. App.* 61 (146 S. E. 40); *L. & N. R. Co.* v. *McGarity*, 139 *Ga.* 472 (77 S. E. 630). "The question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." *Farrar* v. *Farrar*, 41 *Ga. App.* 122 (152 S. E. 278). See also in support of the foregoing ruling, Hommel *v.* Badger State Inv. Co., 166 Wis. 235 (165 N. W. 20); Sanderson *v.* Chicago &c. St. Paul R. Co., 167 Iowa, 90 (149 N. W. 188); Redfield on Neg. § 189. This case is distinguishable upon its facts from *Mills* v. *Barker*, 38 *Ga. App.* 734 (145 S. E. 502); *Jackson* v. *Davis*, 39 *Ga. App.* 621 (147 S. E. 913); *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683); *Southern Bell Telephone &c. Co.* v. *Dunn*, 47 *Ga. App.* 3 (169 S. E. 512); *Ball* v. *Walsh*, 137 *Ga.* 350 (73 S. E. 585); *Donehoe* v. *Crane*, 141 *Ga.* 224 (80 S. E. 712). The judgment of the trial judge sustaining the general demurrer to the plaintiff's petition is

*Reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

Decided May 9, 1934.

*James H. Dodgen, C. E. Kay,* for plaintiff.
*John M. Slaton, James J. Slaton,* for defendant.