33403. GLOVER *v.* CITY COUNCIL OF AUGUSTA.

DECIDED FEBRUARY 10, 1951.

*Peebles & Burnside, T. Reuben Burnside,* for plaintiff.

*William P. Congdon, Congdon, Harper & Leonard,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The special ground of the motion for new trial, assigning error on the direction of the verdict, will be considered in connection with the general grounds. It is well settled that the direction of a

verdict is error if the evidence, together with all reasonable inferences and deductions therefrom, would have authorized a verdict for the opposite party. *Miraglia* v. *Gose*, 17 *Ga. App.* 639 (1) (87 S. E. 906); Code § 110-104.

A municipality must exercise ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for the use of pedestrians, and whether that has been done is usually a jury question. *Seymour* v. *City of Elberton*, 67 *Ga. App.* 426 (20 S. E. 2d, 767); *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883); *City Council of Augusta* v. *Brassell*, 48 *Ga. App.* 603 (173 S. E. 440). But, as stated in *Wilson* v. *City of Atlanta*, 63 *Ga.* 291, 294: "While, in respect to its streets, a city and a passenger upon them are alike bound to ordinary diligence, yet the diligence of the former has relation to keeping the streets in safe condition and repair, and that of the latter has relation to walking, riding, or driving along them in proper manner and with due caution. Ordinary diligence on the part of the city is that care which every prudent municipality takes to put its streets in safe order and keep them so; on the part of the passenger of average powers and capacity, it is that care which every prudent person takes to pass over them without sustaining injury or inflicting any. . . There can be no doubt that while the city was bound to observe its own proper measure of diligence, yet, if it failed, and the plaintiff could nevertheless have avoided the consequences by using ordinary diligence on his part, and he likewise failed, he cannot recover." However, even though the negligence of the property owner, or the municipality, may be patent, the duty imposed by law upon all persons to exercise ordinary prudence to avoid the consequences of another's negligence does not arise until the negligence of such other is existing and is either apparent or the circumstances are such that ordinarily prudent persons would have reason to apprehend its existence. *Wynne* v. *Southern Bell Telephone Co.*, 159 *Ga.* 623, 629 (126 S. E. 388). But, as stated in *Holliday* v. *City of Athens*, 10 *Ga. App.* 709, 713 (74 S. E. 67), "It was certainly incumbent on the plaintiff, as a matter of law, to use his eyesight for the purpose of discovering any obstruction which might have been placed in the street." Where the obstruction is patent, but there are reasons why the plaintiff

did not see it—as for example a rope stretched across the street which was the same color as the street *(Holliday* v. *City of Athens,* supra); or darkness *(Davis* v. *Buckeye Cotton Oil Co.,* 143 *Ga.* 436, 85 S. E. 335); or a slanting wire at foot level *(City of Athens* v. *Harris,* 52 *Ga. App.* 56, 182 S. E. 202); or a small cart partially concealed in the late afternoon behind lard cans and pedestrians *(Mason* v. *Frankel,* 49 *Ga. App.* 146, 174 S. E. 546)—a jury question is presented. Also, although the obstacle is a patent defect and is actually seen by the plaintiff—such as a cannon, the barrel of which projected over the sidewalk *(City of Macon* v. *Stevens,* 42 *Ga. App.* 419, 156 S. E. 718); or a meter box located in the sidewalk *(City of Rome* v. *Gordon,* 53 *Ga. App.* 536, 186 S. E. 439)—this will not preclude recovery if it does not appear that by looking the pedestrian would have a full appreciation of the danger involved in using the sidewalk. Further, one is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times. See *City of Rome* v. *Phillips,* 37 *Ga. App.* 299 (2) (139 S. E. 828). In the present case, the plaintiff testified that she alighted from her husband's automobile and walked directly to a display window to look at the objects therein, that she moved down, still looking at the window, in response to a remark of her husband as to its contents, and instantly fell over or upon the no-parking sign which had been placed directly under it.

There is in this record sufficient evidence to make a jury question as to whether the agents of the city had placed these signs in this place, and also sufficient evidence to make a jury question as to whether the act, if imputable to the city, constituted negligence on its part. The trial court directed the verdict, however, on the theory that the negligence of the plaintiff, in not observing and avoiding the signs, was such as to bar her recovery as a matter of law. It is true that it has been held to be negligence which would as a matter of law preclude recovery for a person with normal eyesight to walk into a place of obvious danger and fail to see it, although it was in plain view and in a place where anybody in the exercise of ordinary care would have seen it. *Hill* v. *Davison-Paxon Co.,* 80 *Ga. App.*

840 (57 S. E. 2d, 680); *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683); *Lane Drug Stores* v. *Story,* 72 *Ga. App.* 886 (35 S. E. 2d, 472); *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433); *Ford* v. *S. A. Lynch Corp.,* 79 *Ga. App.* 481 (54 S. E. 2d, 320); *Dodson* v. *Southern Ry. Co.,* 55 *Ga. App.* 413 (190 S. E. 392). In none of these cases, however, does it appear that the defendant placed the obstacle, trap, or imperfection, as the case might be, in a place where, in the exercise of any care whatever, it should have known that the plaintiff's attention would normally be diverted by some other object. A large parking sign of the kind involved here would ordinarily be perfectly apparent to a person with normal faculties, but such an object placed directly under a window especially decorated for the purpose of attracting and holding the attention of passers-by, and in such a place that a person observing the contents of the window would necessarily trip against it unless an effort was made to locate and avoid hitting it, is far less likely to be actually noticed than in almost any other position on a street or sidewalk. If reasonable minds might differ upon the issue, it is a jury question as to whether conduct alleged to be negligent is in fact negligence. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d, 18). By the same reasoning, it is a jury question as to whether the plaintiff used the diligence of an ordinarily prudent person to apprehend the existence of such negligence, if reasonable minds might differ on that issue. Under all the facts and circumstances of this case, the question as to whether the plaintiff did in fact fail to use that quantum of diligence which the law prescribes, so as to bar her recovery, or whether she was merely comparatively negligent, so as to reduce her recovery, is a question which should have been left to the determination of the jury.

The trial court erred in directing a verdict in favor of the defendant.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*