33965, 33998. DELAY *v.* RICH'S, INCORPORATED; and *vice versa.*

DECIDED APRIL 19, 1952.

*T. Elton Drake, John M. Williams,* for plaintiff.
*W. Neal Baird, Neely, Marshall & Greene, Ferdinand Buckley,* for defendant.

FELTON, J. 1. (a) The plaintiff was injured when she stumbled over a footstool in the defendant's shoe department while she was shopping in the department. The acts of negligence claimed by the plaintiff to have been committed by the defendant were: leaving the footstool in a narrow aisle in the shoe department where she could stumble over it; having at the end of said aisle a metal object which produced a glare from the reflection of lights which partially blinded her; having insufficient lighting in the shoe department which left the floor of that department in a shadow and in darkness. We think that the plaintiff failed to allege a cause of action against the defendant. The plaintiff alleged: "That by usage and custom footstools are removed from the aisles of shoe stores immediately *after* a customer uses the footstool to try on a pair of shoes, and it was the duty of the defendant through its employees to move the footstool out of the aisle or passageway. That defendant and its employees were negligent in allowing a footstool to remain in an aisle or passageway during a busy rush hour, as it created a hazard not anticipated by its business invitees, and this defendant and its employees

knew this hazard existed prior to the accident and negligently failed to remove the hazard, to avoid the accident." (Emphasis supplied.) Nowhere in the petition is it alleged that the footstool was not in use when the plaintiff stumbled over it; therefore it must be construed as alleging that the footstool was in use at the time. The plaintiff's allegations admit that it was the custom and usage to have the footstools in the aisles for the purpose of fitting shoes on customers. Under our construction of the petition, it was not negligence to put the footstools to the use for which they were intended in a customary manner.

(b) The petition alleged: "The passageway was narrow, to wit, five feet; many people were walking out of the ladies' shoe department, and an unidentified lady was walking in the same aisle walking toward this plaintiff. As plaintiff was approaching the second section of seats, this unidentified lady blocked the view of the aisle ahead of this plaintiff; that there were other customers in the aisle between this plaintiff and the second section of seats, and that said customers further blocked said aisle; . . that a reasonable person exercising reasonable care could not see the footstool if vision was obscured by the immediate presence of other people in the vicinity of the footstool, and the plaintiff did not see the footstool as she approached same, because [of] the immediate presence of other people in the vicinity of the footstool." The petition further alleged: "That, when this plaintiff was immediately next to the aforementioned footstool, her vision of the floor was further obstructed by a glare produced by lights reflecting on a metal object at the end of the aforementioned section of seats. That this reflection produced a glare which prevented plaintiff from seeing the footstool, which was itself in shadow." It was also alleged "That said aisle was improperly lighted and the floor was in shadow and dark" on the day of the injuries.

The plaintiff alleged that she could not see the stool because (1) it was obscured by the presence of other people in the aisle; (2) her vision was obstructed by the glare from the metal object; (3) the aisle was improperly lighted and the floor was in a shadow and the dark. These allegations, all in a single count, were inconsistent, and on demurrer must be most strictly construed against the plaintiff. The petition must be construed as

alleging that the plaintiff could not see the footstool because of the presence of other people in the aisle. If her vision of the stool was obscured by the presence of other people, then the glare from the metal object and the shadow created by the improper lighting were not factors in her inability to see the footstool. Therefore, even if the glare or the shadows were products of negligence on the part of the defendant, since they did not have any relation to her obstructed vision of the stool, they did not have any causal connection with her injuries.

The cross-bill of exceptions is dismissed.

The court did not err in sustaining the general demurrer to the amended petition.

*Judgment affirmed on the main bill of exceptions; the cross-bill of exceptions is dismissed. Sutton, C.J., and Worrill J., concur.*