## 34414. MOORE *v.* THE KROGER COMPANY.

Decided January 29, 1953—Rehearing denied February 13, 1953.

582

*A. Paul Cadenhead, Nall & Sterne,* for plaintiff in error.
*T. Elton Drake, John M. Williams,* contra.

TOWNSEND, J. It has been said times without number that questions of negligence are ordinarily for the jury, and that, where it is contended that the plaintiff's injuries were due to her own failure to exercise ordinary care, this is a jury question unless it is so plain and indisputable that the minds of reasonable men would not disagree upon the proposition. While this is unquestioned as a rule of law, its application to the facts of a particular case is not unattended by difficulty. It was, however, held as a matter of law in *McMullan* v. *The Kroger Co.,* 84 *Ga. App.* 195 (65 S. E. 2d, 420), that one emerging from another store of the same defendant, likewise holding a bag of groceries in front of him in such fashion as to obscure his vision, failed to exercise ordinary care for his own safety, and such failure was the proximate cause of his tripping and falling over an iron railing about five feet long and six inches high. The court held: "Under the law, the defendant is not bound to anticipate that its customers would so disregard their own safety as to obstruct their vision with packages or sacks so as to be

unable to see where they were walking. If, as indicated by the allegations of the petition, the plaintiff were holding the sacks so that he could not see his intended path a reasonable distance ahead, consistent with due regard for his own safety, then he himself was the author of and responsible for his injury." Numerous cases are cited to the effect that where the obstruction is in some way hidden, camouflaged, or intrinsically unsafe, the question of ordinary care in the plaintiff is for the jury, but where it is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure. In *Glover* v. *City Council of Augusta,* 83 *Ga. App.* 314 (63 S. E. 2d, 422), cited by the plaintiff in error, it was held that the window display was for the purpose of attracting the attention of passers-by and diverting their attention, for which reason the defendant should have anticipated that an obstruction placed immediately under such window would be likely to go unnoticed by those approaching to examine the display. In *Wynne* v. *Southern Bell Telephone & Telegraph Co.,* 159 *Ga.* 623 (126 S. E. 388), also cited by the plaintiff in error, it was alleged that the defendant was negligent in constructing and maintaining a stairway with steel treads which left an opening at the back of each runner of such size that the plaintiff caught her heel in the aperture and tripped; and the court held that such allegations constituted a jury question as to whether one descending the steps would be likely in the exercise of ordinary care to be injured thereby. The plaintiff has cited no cases, and we know of none, where an object three or four feet tall, at or near a place where it may reasonably be expected to be, in broad daylight and in no way concealed, has been held the proximate cause of injuries to a plaintiff who did not see it solely because she obstructed her own vision in such manner that she could not look ahead.

The trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*