34790. PILGREEN *v.* HANSON.

DECIDED FEBRUARY 10, 1954—REHEARING DENIED MARCH 5, 1954.

*Houston White, Emory A. Schwall, W. Stell Huie, David A. Heuett,* for plaintiff in error.

*Robert Carpenter, Ferrin Mathews,* contra.

CARLISLE, J. ■ The trial court's action in overruling the general demurrers to the petition presents two major questions for decision: (a) Is the defendant's negligence sufficiently alleged to present a question for determination by the jury? (b) If so, do the allegations of the petition show as a matter of law that the plaintiff was herself guilty of such negligence as to bar a recovery by her? .

A rather painstaking perusal of the allegations of the petition has led us to the conclusion that the answer to the first question is yes, while that to the second is no. In reaching this conclusion we have viewed the allegations of the petition constantly in the light of the following rules of law, which have been so long established and are so well known as to require no further engorgement of the books with citations of authorities for them: The duty of an owner or occupier of premises to an invitee is to exercise ordinary care in keeping the premises and approaches safe; questions of diligence and negligence, including contributory negligence, are ordinarily questions for determination by the jury, and these questions will not be solved by the court on demurrer, as a matter of law, except in palpably clear and indisputable cases; conclusions of the pleader unsupported by fact will be disregarded; well pleaded allegations of a petition only are to be taken as true as against demurrer; petitions are to be viewed and construed as a whole, and, if they are ambiguous and uncertain, are to be given that construction most unfavorable to the pleader. .

■ When, under an application of the foregoing rules of construction, the petition is reduced to its basic averments, the defendant's negligence is sufficiently demonstrated to present the question to a jury for determination. The plaintiff was an invitee of the defendant, and her injuries are alleged, in effect, to have been caused by the concealed defective construction and maintenance of the restaurant floor, which created a dangerous

condition which was known to the defendant, and of which the defendant failed to give the plaintiff warning or notice. The dangerous condition in the restaurant consisted of this: Between two of the rooms of the restaurant there existed a difference in floor levels in the original floor of the building. *The defendant* had covered the original floors with asphalt tile of such a color and so laid that in semi-darkness the floors gave the optical illusion of being flat and level, whereas in fact the difference in the levels of the two floors when covered with the asphalt tile left a "hump" which caused the plaintiff to lose her footing and to fall when she stepped upon the "hump" and the highly polished tile floor adjacent to the hump. While it may be true that the mere fact that there is a slight difference between floor levels in different parts of a restaurant which the public is invited to enter does not of itself constitute negligence (see dissenting opinion of Jenkins, P. J., in *Wardlaw* v. *Executive Committee, Baptist Convention,* 47 *Ga. App.* 595, 170 S. E. 830, which the Supreme Court has referred to approvingly in *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72, 190 S. E. 354), and while it may be true that the mere fact that the floor of a restaurant which the public is invited to enter is highly polished, so as to be slippery, does not constitute negligence of itself (see *Holman* v. *American Automobile Ins. Co.,* 201 *Ga.* 454, 39 S. E. 2d 850, and citations), and while it may be true that a restaurant which the public is invited to enter may be so dimly lighted as to be in a state of semi-darkness and this fact does not constitute negligence of itself—we cannot say as a matter of law that, in a restaurant where to the restaurateur's knowledge the three elements exist together, their combined effect is not to create a dangerous condition, nor can we say as a matter of law that the restaurateur is not negligent in failing to give invitees notice or warning of such condition. *Bass* v. *Southern Enterprises,* 32 *Ga. App.* 399 (123 S. E. 753); *Firestone Service Stores* v. *Gillen,* 58 *Ga. App.* 782 (199 S. E. 853); *Fuller* v. *Louis Steyerman & Sons,* 46 *Ga. App.* 830 (169 S. E. 508); *Smith* v. *Swann,* 73 *Ga. App.* 144 (35 S. E. 2d 787); *Moore* v. *Sears, Roebuck & Co.,* 42 *Ga. App.* 658 (157 S. E. 106).

▮ As has already been indicated, the gist of the cause of action here is that because of an optical illusion, created by the

manner in which the tile was laid by the defendant and the dimness of the light in the restaurant, the irregularity in the surface of the floor and the highly polished condition of the floor were not visible and obvious. This state of her pleadings at once distinguishes the plaintiff's case from that line of cases wherein the question of visibility was not involved and the defect or dangerous condition of the premises would have been plainly visible to the plaintiff if she had looked where she was going. She alleges that she had no knowledge of the difference in the floor levels and the highly polished condition of the floor; and in the absence of such knowledge, we cannot say as a matter of law that she was so negligent as to bar her recovery in entering the semi-darkened restaurant. Although we must say that, under the facts alleged, the semi-darkened condition of the restaurant was necessarily obvious to her, the plaintiff alleges that the dangerous condition of the floor was not, and there are no facts alleged in her petition from which we can, or necessarily must, say that such was not the case, as was possible in that line of cases exemplified by *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683), and *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433). Nor should this case be confused by that line of cases exemplified by *Day & Co.* v. *Graybill*, 24 *Ga. App.* 524 (101 S. E. 759), and *Ogain* v. *Imperial Cafe*, 25 *Ga. App.* 415 (103 S. E. 594). Those cases involve suits by servants against their masters for personal injuries sustained upon the masters' premises, and in that class of cases it is encumbent that the servant affirmatively show the exercise of ordinary care for his own safety, as in master-and-servant cases the principles of equal opportunity for knowledge and assumption of risk are involved. *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454, supra. The plaintiff here, as an invitee, is not required to negative her failure to exercise ordinary care for her own safety, and it does not affirmatively appear from the allegations of the petition that she did fail to exercise ordinary care for her own safety as a matter of law. It follows, therefore, that the trial court did not err in overruling the general demurrers to the petition.

◼ "On the question of what particularity and definiteness are required in pleading, it was said in *Fuller* v. *Inman*, 10 *Ga. App.* 680, 693 (3) (74 S. E. 287): 'The special demurrer is rapidly

outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement that the plaintiff "shall plainly, fully, and distinctly" set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him.'" *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706, 712 (191 S. E. 265). Of the 39 special demurrers lodged against various paragraphs of the petition, 26 complain that the facts alleged are conclusions of the pleader, 4 complain that the allegations of certain paragraphs of the petition are vague and indefinite or that they are not clear and distinct, 2 charge that certain allegations are irrelevant and immaterial, 6 charge that certain acts or omissions of the defendant, alleged in the petition to be negligence, are not negligence as a matter of law, and 1 charges that the allegation that the plaintiff was in the exercise of ordinary care for her own safety is contradicted by other facts alleged which show that she was not. After an exhaustive consideration of each of these demurrers, viewed in the light of the position taken by us on the general demurrers, for the reasons stated in divisions 1 (a) and 1 (b), we think the allegations of the petition fairly and sufficiently set forth the nature of the case, so as to enable the defendant to know what facts he will be called on to disprove on the trial. To discuss each of these numerous demurrers in detail, would require an unnecessary and unprofitable amount of space and time, as none of them is meritorious. Whether or not the irregularity in the floor, caused by the difference in floor levels being covered with asphalt tile, constituted a "hump" or not, will be shown by the evidence. The facts alleged concerning it do not show that the irregularity is not a hump. The allegation that the plaintiff's fall was caused by stepping on the hump and the highly polished, slippery floor is not a conclusion but an allegation of ultimate, evidentiary fact, and this allegation being in the conjunctive, rather than the disjunctive, is not ambiguous or uncertain. The

causal relationship between the two factors in causing the plaintiff's fall is a matter of proof. The demand to know what lights in the restaurant furnished the illumination is asking for information which is necessarily already within the defendant's knowledge. The plaintiff alleges that the manner in which the tile was laid, coupled with the dimness of the light, gave the floor the appearance of being flat and level, and that the difference in the floor levels was therefore obscured, not noticeable, or visible. These are not conclusions, but allegations of fact, and do not show in and of themselves that, if the plaintiff had looked, she would have seen this. She says that they were not visible or noticeable and that she did not for that reason see them. A floor may be so highly waxed and polished as to be slippery. She alleges that such was the case, and this must be taken as true. As we have pointed out in considering the general demurrers, while each of the enumerated "defects" in the floor, lighting, laying of the tile, waxing and polishing the tile, may not by itself constitute a defect, taken all together they created the dangerous condition in the defendant's restaurant which caused the plaintiff's fall, and these alleged defects are to be considered in the light of the petition as a whole and cannot be treated without relation to each other, even for purposes of considering special demurrers. The plaintiff alleges that the various "defects" were patent and known to the defendant, and that he had actual notice of the dangerous condition created by the defects in combination, but it is nowhere alleged that the dangerous condition so created was patent. The plaintiff's allegations with reference to her injuries, their permanent nature, and her pain and suffering are not conclusions; if these facts are not true, these are matters to be proved or disproved on the trial.

It follows that the trial court did not err in overruling the special demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*