35150. MILLER *et al. v.* BART.

Decided October 5, 1954.

*Julian F. Corish, Bouhan, Lawrence, Williams & Levy,* for plaintiffs in error.

*Emanuel Kronstadt,* contra.

NICHOLS, J. The defendants argue that the court erred in overruling their general demurrers because the allegations of the petition show: (1) that the plaintiff could have avoided her injuries by exercising ordinary care for her own safety; (2) that, as an invitee, the plaintiff should have reasonably expected to find, on business premises, tools and equipment necessary to conduct the business; and (3) that recovery is sought upon inconsistent theories in a single count.

Addressing these contentions in reverse order, we find no such inconsistency in the allegations of the petition as appeared in the case of *De Lay* v. *Rich's, Inc.,* 86 *Ga. App.* 30 (70 S. E. 2d 546). There the plaintiff stumbled over a footstool in the aisle of a store's shoe department, and alleged that she could not see it because of the presence of other people in the aisle, and also because of glare from a metal object and the improper lighting of the aisle. These allegations showed that she could not see the footstool because of the presence of other customers, and not because of the defendant's negligence in maintaining the metal object and in lighting the aisle. The three reasons advanced in the petition in this case for the plaintiff's failure to see the jack handle are not inconsistent. The distraction of the plaintiff's attention through her conversation with the defendant Miller is consistent with, and helps explain, her failure to notice the jack handle, which was also alleged to have been obscured by the automobile and the curb or step at the edge of the driveway. The defendants are not charged with negligence in conversing with the plaintiff, but this is one of the circumstances under which it was their duty to exercise ordinary care.

It was also held in the *DeLay* case, supra, that the defendant was not negligent in using a footstool in the aisle of its shoe department in a customary manner. In *Tinley* v. *F. W. Woolworth Co.,* 70 *Ga. App.* 390, 394 (28 S. E. 2d 322), it was said that the location of a penny scale, four and a half feet high, in the aisle of the defendant's store was not unusual and was a

common practice. And in *Moore* v. *Kroger Co.*, 87 *Ga. App.* 581 (74 S. E. 2d 481), the plaintiff was barred from recovery by her own negligence in walking into a self-service push cart in a grocery store. In each of those cases, the items of business equipment were of such a size as to be obvious and in a place where they were to be expected.

The petition under review shows that the jack was not obvious, but was concealed by the car and by the step at the edge of the pathway by the office. We do not hold that a customer of a filling station is bound to anticipate that a jack will be used to change a tire in front of the office. Whether the jacked-up automobile, which must have been obvious, was sufficient to put the plaintiff on notice of the jack, under and extending behind the car, must be determined by a jury under the evidence.

Although every such case stands upon its own alleged facts, this case has much in common with *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314 (63 S. E. 2d 422), and with *Mason* v. *Frankel*, 49 *Ga. App.* 145 (174 S. E. 546), in each of which the plaintiff's attention was attracted to window displays, just as in this case the plaintiff's attention was diverted by her conversation with the defendant Miller. And in each of the cases cited above the plaintiff struck an object not easily seen or partially concealed, as was the jack handle in this case. As stated in the *Glover* case, supra, p. 316: "One is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times." The petition does not show, as a matter of law, that the plaintiff had reason to apprehend the existence of the defendant's negligence and could have avoided her resulting injuries by the exercise of ordinary care.

A cause of action was alleged by the plaintiff, and the court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*