36718.   KITCHENS *v*. DAVIS.

DECIDED JUNE 11, 1957.

*Ewing & Williams, Marshall Ewing, George Jordan,* for plaintiff in error.

*A. B. McKenney, Rufus A. Moore,* contra.

FELTON, C. J. ■ The plaintiff alleged that the customer aisle she was using and which was formed by wall shelves on one side and stack shelves and display counters on the other was six feet in width but that the placement of the large and small display baskets and the various sized boxes and containers in the aisle closed the aisle to foot passage. A merchant has the right to place display baskets in the aisles of his store and he may place cartons and containers in the aisles while he places articles on the display shelves, and a customer may expect to find such objects in the aisles; nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone. *Tinley* v. *F. W. Woolworth Co.*, 70 *Ga. App.* 390 (28 S. E. 2d 322). In the instant case we do not believe the plaintiff was required to anticipate that the defendant might place articles in the aisles of his store so as to nearly or completely close the aisle to foot traffic under the conditions alleged. It is contended that the plaintiff was the author of her own misfortune in negligently trying to traverse an aisle which was closed to foot passage. This would depend on whether by the exercise of ordinary care the plaintiff could have discovered that the aisle was blocked. One might ordinarily presume that a person could discover that an aisle was completely blocked, but that question would depend upon the nature of the blockage and the attendant circumstances. Here the plaintiff alleged that the aisle was partially blocked by the large baskets which cast shadows and that the remaining portion of the aisle was blocked by the small baskets and small cartons, and that because of the colors of the floor, baskets and merchandise, the lighting of the store and the shadows cast, she was unable in the exercise of ordinary care to see the articles she tripped over and unable to discover that the aisle was completely blocked. These facts present a jury question and state a cause of action against a general demurrer. What ordinarily might be discovered under good lighting conditions might not be detectable under poor lighting conditions combined with surrounding physical conditions. See *Atlanta Enterprises* v. *Douglass*, 93 *Ga. App.* 237 (91 S. E. 2d 296); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415); *Hanson* v. *Atlanta Lodge No. 78, B.P.O.*

*Elks,* 88 *Ga. App.* 116 (76 S. E. 2d 77) ; *Pilgreen* v. *Hanson,* 89 *Ga. App.* 703 (81 S. E. 2d 18).

■ Special demurrer No. 7 attacks paragraph 12 of the amended petition on the ground that the allegation was meaningless, surplusage and failed to illustrate any issue in the case. Paragraph 12 alleged that the merchandise on the store shelves was so displayed as to engage the attention and interest of the customers. The plaintiff does not allege that at the time she fell her attention was partially diverted to such attractively displayed merchandise and does not allege that such display contributed to her fall. Since the plaintiff does not tie in the allegations of paragraph 12 with her falling, the defendant's special demurrer was good and the court erred in overruling it.

■ That portion of special demurrer 10 which attacks the allegations of paragraph 20 of the petition that "one or more" of the "handy baskets" were placed between the display baskets and extended out into the customer aisle "as much as four feet" is meritorious. The defendant is entitled to know the approximate number of "handy baskets" that were placed between the display baskets and how far such "handy baskets" extended out into the customer aisle or is entitled to more detailed allegations concerning the number of baskets and how they were placed so as to partially close the customer aisle.

The court erred in overruling special demurrers Nos. 7 and 10. The court did not err in overruling the general demurrer and the other special demurrers.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*