39289, 39290.    REDDING v. SINCLAIR
REFINING COMPANY *et al.* (two cases).

Decided January 26, 1962—Rehearing denied
February 15, 1962.

376

*Whelchel & Whelchel, James C. Whelchel, Emory M. Hiers,* for plaintiffs in error.

*Perry, Walters & Langstaff, Jesse W. Walters, Moore & Moore, R. Lamar Moore,* contra.

CUSTER, Judge. █ The municipal ordinance attached to the petition prohibits the erection of signs except those parallel with the face or side of the building and not extending over 18 inches from the building and then only after a permit for such sign is obtained. The sign and sign rack in question were placed on a public sidewalk, the base supports being within a foot of the parking meter in an area where it was necessary for persons to be in order to use the meter, and without a permit allowing

such use of the sidewalk. The petitions are sufficient as against demurrer to show actionable negligence against all the defendants, it being alleged that the individual defendants so placed the sign and that they did so in conjunction with and under the supervision of agents of the corporate defendant.

■ It is contended, however, that the obstruction was obvious, that there is no reason why the plaintiff should not have seen it, and that her injuries were patently the result of her failure to exercise ordinary care for her own safety. In *Rothschild v. First Nat. Bank of Atlanta*, 54 Ga. App. 486 (188 SE 301), the court in discussing when the question of whether the plaintiff is in the exercise of ordinary care for his own safety may be decided by the court as a matter of law, observed: "In deciding a question of this character, the fact is forced upon us from the many cases we have examined, and the variety of judicial conclusions reached upon similar states of facts, that precedents are of little value, but each case must stand on its own facts. There can be no doubt that it is a difficult problem for a court to declare as a matter of law that one is negligent or lacking in ordinary care for his own safety." The general rule is that, where the minds of reasonable men may disagree as to the factum of negligence, or of whose negligence caused the injury, the jury and not the court is the proper instrument to evaluate the facts, and draw the proper conclusion. *Georgia Power Co. v. Blum*, 80 Ga. App. 618 (57 SE2d 18). The plaintiff need not negative the defense of contributory negligence in her petition, and it will not be dismissed on demurrer for this reason unless the petition affirmatively discloses facts demanding such conclusion as a matter of law. *Central Georgia Electric Membership Corp. v. Heath*, 60 Ga. App. 649 (4 SE2d 700); *Minnick v. Jackson*, 64 Ga. App. 554 (13 SE2d 891). *Young Women's Christian Assn. v. Barnett*, 93 Ga. App. 322 (91 SE2d 381). In many cases where the plaintiff fell over or ran into an otherwise obvious defect or obstacle, the matter of contributory negligence was held to be a jury question because of allegations explaining that the obstacle was difficult to see because it blended in color with the ground or floor upon which it was resting or was otherwise obscured. See *Kitchens v. Davis*, 96 Ga. App. 30 (99 SE2d

266); *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (111 SE2d 160); *Moore v. Sears, Roebuck & Co.*, 42 Ga. App. 658 (157 SE 106); *Fuller v. Louis Steyerman & Sons*, 46 Ga. App. 830 (169 SE 508); *Smith v. Swann*, 73 Ga. App. 144 (35 SE2d 787); *DeLay v. Rich's, Inc.*, 86 Ga. App. 30 (70 SE2d 546); *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 SE2d 18); *Whitsett v. Hester-Bowman Enterprises*, 94 Ga. App. 78 (93 SE2d 788); *Starr v. Emory University*, 93 Ga. App. 864 (93 SE2d 399). Also, there are facts which may be pleaded by the plaintiff to excuse her from exercising that degree of care under the circumstances which the law would otherwise hold to be necessary in an ordinarily prudent person. The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized. From this stems the rule that a lesser degree of prudence may be sufficient to constitute ordinary care where there are circumstances causing stress or excitement. *City of Rome v. Phillips*, 37 Ga. App. 299 (2) (139 SE 828). The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur. *Glover v. City Council of Augusta*, 83 Ga. App. 314 (63 SE2d 422) held a petition good as against general demurrer under very similar circumstances. There a parking sign was placed directly under a store window especially decorated for the purpose of attracting and holding the attention of passers-by "in such a place that a person observing the contents of the window would necessarily trip against it unless an effort was made to locate and avoid hitting it, [which] is far less likely to be actually noticed than in almost any other position on a street or sidewalk." On the other hand, recovery was denied in *McMullen v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420), where a woman carrying a bag of groceries stumbled over an obstruction in a store, and in *Moore v. Kroger Co.*, 87 Ga. App. 581 (74 SE2d 481), where the same situation existed, the *McMullen* case was followed. One valid line of distinction existing

in the so-called "distraction" cases concerns the cause of the distraction. Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence. Where the distraction comes from without, and is of such nature as naturally to divert the plaintiff, and also of such nature that the defendant might naturally have anticipated it, the result is different. *Glover v. City Council of Augusta*, 83 Ga. App. 314, supra, was held to state a cause of action because of the fact that the show window though static, was nevertheless a distraction for which the defendant was responsible. The case did not turn on the distraction created by the remark of the husband, as so ably argued by counsel for defendant in error. See in this connection Judge Townsend's explanation of the *Glover* case in *Moore v. Kroger Co.*, 87 Ga. App. 581, supra. A cause of action was stated in *Miller v. Bart*, 90 Ga. App. 755 (84 SE2d 127), where a woman coming out of the office of a filling station went around a parked car and tripped over a jack obviously protruding from the rear thereof into her path, her attention being directed to the conversation of the proprietor. In *Yancey v. Southern Ry. Co.*, 99 Ga. App. 493 (109 SE2d 300) a pedestrian-crossing at a railroad track contained loose gravel and obvious holes, but the plaintiff was excused from not observing them because of traffic conditions, the court holding that "one whose attention is necessarily diverted by reason of present or reasonably to be anticipated dangers is not held with the same degree of strictness to the observance of the ground beneath him as he would be in other circumstances." In *City of Albany v. Humber*, 101 Ga. App. 276 (113 SE2d 635) the plaintiff, her attention attracted to the more obvious defects in the sidewalk, allowed her foot to be caught in a small crack. The court, quoting *Glover*, observed: "One is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times." In *Big Apple Super Market of Rome v. Briggs*, 102 Ga. App. 11 (115 SE2d 385) the petition of a plaintiff who stumbled over a box negligently protruding into a store aisle

was held to present a jury question on the issue of the plaintiff's exercise of ordinary care for her own safety under the circumstances. Chief Judge Felton stated: "The question whether the plaintiff might have discovered the articles in the aisle by the exercise of ordinary care must be determined in the light of the attendant circumstances. *Kitchens v. Davis,* 96 Ga. App. 30, supra. The petition alleges that her attention was diverted by displays of merchandise on nearby shelves. It is therefore a question for the jury whether she should, in the exercise of ordinary care, have discovered the carton in the aisle and avoided tripping over it. *Stanfield v. Forrest Five &c. Stores,* 95 Ga. App. 739 (99 SE2d 167) and cits.; *Rich's, Inc. v. Denmon,* 101 Ga. App. 600 (1) (114 SE2d 462)."

In the present case the plaintiff, as she approached the meter, was distracted because it was necessary for her to locate the meter coin slot, to place the money in it, and to read the time registered on the meter. As a result she did not notice the sign supports partially enclosing the meter, nor did she strike against them. When she turned to retrace her steps they were immediately beneath her and could not be seen without bending over to examine the sidewalk, but in the act of turning she tripped over one of the metal supports so placed and fell to the ground. The placement of the sign in this fashion is alleged to be a trap in that it partially enclosed the meter in such manner that the plaintiff, entering the open side, did not strike it, but because of the narrowness of the space the mere act of turning around caused her to trip against it. The question of whether the plaintiff's negligence under these circumstances would bar her recovery, if proven, should be left to the jury.

The trial court erred in dismissing the petitions on general demurrer.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*