43190. BUTTS v. ACADEMY OF BEAUTY, INC.

DEEN, Judge. 1. The fact that a defect or hazard is patent will not of itself necessarily bar a plaintiff invitee, injured as the result of falling in the defendant's establishment, from recovery. *Lane Drug Stores, Inc. v. Brooks,* 70 Ga. App. 878 (29 SE2d 716). This is particularly true where the plaintiff has no knowledge that the hazard exists, and is prevented from seeing it by some act of the defendant which distracts her attention. *Mason v. Frankel,* 49 Ga. App. 145 (174 SE 546); *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422); *Miller v. Bart,* 90 Ga. App. 755 (84 SE2d 127).

2. A combination of two or more circumstances, although no one may be sufficient of itself to constitute actionable negligence, may, if it results in harm to the plaintiff, in its totality be sufficient to state a cause of action in tort. *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 SE2d 18).

3. Every negligence case must be judged by its own facts. Where it is alleged that due to one or a combination of circumstances a hazard, although otherwise patent, was not seen or noticed by the plaintiff because its construction or maintenance created an optical illusion which made it appear that such hazard did not in fact exist, it is usually a jury question, unless this court can say as a matter of law that such combination of facts as alleged could not create the sensory impression alleged, whether the maintenance of the premises in the manner alleged constitutes negligence. *Pilgreen v. Hanson,* 89 Ga. App. 703, supra; *Kitchens v. Davis,* 96 Ga. App. 30 (99 SE2d 266) ; *Spindel v. Gulf Oil Corp.,* 100 Ga. App. 323 (111 SE2d 160) ; *Moore v. Sears, Roebuck & Co.,* 42 Ga. App. 658 (157 SE 106) ; *Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830 (169 SE 508) ; *Smith v. Swann,* 73 Ga. App. 144 (35 SE2d 787) ; *DeLay v. Rich's, Inc.,* 86 Ga. App. 30 (70 SE2d 546) ; *Whitsett v. Hester-Bowman Enterprises,* 94 Ga. App. 78 (93 SE2d 212) ; *Starr v. Emory University,* 93 Ga. App. 864 (93 SE2d 399) ; *Wynne v. Southern Bell Tel. &c. Co.,* 159 Ga. 623 (126 SE 388) ; *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527).

4. The petition alleges that plaintiff entered the defendant's premises to have her hair shampooed and set; that after she had been waited on and was leaving the immediate area of treatment, the beauty operator called to her with a request for another appointment, and as she turned her head toward the speaker she fell from the upper level to the lower level, which was approximately a six-inch drop. She did not know there was a difference in floor levels, and in walking toward the step or drop she did not notice it because the floor was laid out in a diagonal pattern of black with white squares which, under the brilliant illumination used, gave the appearance of continuity of floor with the floor pattern so that there was nothing to warn her of a change in level. Under the principles of law above set forth, these allegations are sufficient to withstand general demurrer.

5. As to the demurrer seeking to strike an amendment filed after

a general demurrer had been sustained with leave to amend, on the ground that the amendment was merely an elaboration of facts originally averred and added no matter of material substance, "We do not agree with such cases as *Glover v. S. F. & W. R. Co.,* 107 Ga. 34 (32 SE 876); *Hamer v. White,* 110 Ga. 300 (34 SE 1001); *Speer v. Alexander,* 149 Ga. 765 (102 SE 150); and *Lavenden v. Haseman,* 157 Ga. 275 (121 SE 646), and similar cases holding that, by electing to amend, the petitioner has conceded that his original petition was defective and is thereafter estopped to say an amendment was not necessary. If he amends, no law of the case is established that his original petition was defective unless he fails to amend and appeal promptly as in *Northside Manor v. Vann,* 219 Ga. 298 (133 SE2d 32)." *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, 517 (156 SE2d 348).

The trial court erred in sustaining the general demurrers.

*Judgment reversed. Felton, C. J., Hall, Pannell, and Whitman, JJ., concur. Bell, P. J., Jordan, P. J., Eberhardt and Quillian, JJ., dissent.*

SUBMITTED NOVEMBER 9, 1967—DECIDED FEBRUARY 12, 1968.

*Schwall & Hewett, Emory A. Schwall, Thomas C. Jones, Jr.,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellee.

JORDAN, Presiding Judge, dissenting. This is another in a line of slip or fall down cases in which courts have encountered difficulty in determining when a petition sets forth a cause of action. While the principles governing the duties of the parties in such cases and the rules of construction of petitions on general demurrer are well established, the problem arises in the application of such principles to a given factual situation, for as stated in the majority opinion, every negligence case must be judged by its own facts. Unfortunately very few, if any, such cases reaching the appellate courts are on "all fours" factually.

For instance, in this case appellant's counsel relies upon the case of *Pilgreen v. Hanson,* 89 Ga. App. 703 (81 SE2d 18), as does the majority opinion in twice citing the *Pilgreen* case. Yet there is a very substantial factual difference in the two cases, for in *Pilgreen* in addition to alleging that the hump in the floor

was not visible to plaintiff because of the manner in which the asphalt tile had been laid (diagonal rows of alternating colors) there were the additional allegations of "murkiness or semi-darkness" and "slippery surface" of the tile. It was clear in the *Pilgreen* case that the court considered these factors along with the alleged optical illusion in concluding that the petition stated a cause of action as against general demurrer. No slippery surface or other defect in the tile is alleged in this case and it is affirmatively alleged that the room was brilliantly illuminated. Such substantial factual differences eliminate *Pilgreen* as authority for the conclusion reached by the majority opinion.

Applying the well known principles in construing plaintiff's petition I fail to find allegations upon which defendant's negligence can be based. There is no allegation of defective materials or defective construction or improper maintenance of defendant's premises (*Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77)); the allegation of a two-level floor requiring a step up or step down does not alone constitute negligence (*Korn v. Tamiami Trail Tours, Inc.*, 108 Ga. App. 510, 515 (133 SE2d 616)); and it would be difficult to conclude under any circumstances that a place of business extremely well lighted or "brilliantly illuminated" would constitute negligence. See also *Vaissiere v. J. B. Pound Hotel Co.*, 184 Ga. 72 (190 SE 354); *Executive Committee of The Baptist Convention v. Wardlaw*, 180 Ga. 148 (178 SE 155) (reversing 47 Ga. App. 595) and *White v. City of Manchester*, 92 Ga. App. 642 (2) (89 SE2d 581).

Construing the petition most strongly against the pleader, as we must do and in the light of its omissions as well as its averments, it seems obvious that the proximate cause of plaintiff's injury was her own negligence and not the failure of the defendant to exercise ordinary care to keep the premises safe as required by *Code* § 105-401. The judgment of the trial court sustaining the general demurrer to the petition should be affirmed.

I am authorized to state that Presiding Judge Bell and Judges Eberhardt and Quillian concur in this dissent.