## 44015. J. C. PENNEY COMPANY v. KNIGHT.

PANNELL, Judge. 1. While one may be under a duty to look where he is walking and to see large objects in clear view which are at a location where they are customarily placed and expected to be, and the failure to perform this duty may amount to such a failure to exercise ordinary care for one's own safety as would bar a recovery for injuries occasioned thereby (*McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420); *Moore v. Kroger Co.*, 87 Ga. App. 581 (74 SE2d 481)); yet where a customer in a store is carrying packages from the store in a usual and customary manner, which packages obscure the vision for a distance of three feet immediately in front of such customer, and the customer's attention is momentarily distracted by a remark of an employee of the store just before the customer falls over a large object, close to the door and easily seen, not usually or customarily placed there and which would ordinarily not be expected by a customer to be there, we can not say as a matter of law that such customer, in so carrying the packages as to partially obstruct her view and in being temporarily distracted from looking where she was going, is guilty of such negligence as will bar a recovery for injuries received as a result of falling over such large obstruction. *Miller v. Bart,* 90 Ga. App. 755 (84 SE2d 127).

2. Where a "kiddie-kar," a wheeled vehicle for small children to ride on, is placed by the employees of the store on display at a counter near the entrance to the store for the purpose of attracting and being of interest to small children, and a small child while playing removes the "kiddie-kar" from its safe place and places it near the entrance door of the store in the pathway used by customers leaving the store, and it remains there "not more than five minutes" while in the sight of one or more store employees who had been instructed to remove from the floor any merchandise that might get thereon, we can not say, as a matter of law that the store and its employees could not and should not have foreseen that what did happen was likely to and probably would happen as a result of placing the "kiddie-kar" in the location where it was placed by them, nor can we say as a matter of law that they were guilty of no negligence sufficient to authorize a recovery

for injuries received by a customer who fell over the "kiddiekar."

3. Where, as in the present case, the evidence authorized the jury to find the facts as set forth in Divisions 1 and 2 above, the trial court did not err in refusing to direct a verdict, and in refusing to grant a judgment non obstante veredicto, after verdict upon motion of the defendant store.

*Judgment affirmed. Jordan, P. J., concurs. Deen, J., concurs specially.*

ARGUED OCTOBER 9, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 21, 1969—

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellant.

*Alaimo & Taylor, Anthony A. Alaimo, James A. Bishop,* for appellee.

DEEN, Judge, concurring specially. I concur with the majority view and for additional reasons cite further authority. *Mason v. Frankel,* 49 Ga. App. 145, 146 (174 SE 546). "Her opportunity to observe the obstruction was interfered with to such an extent that she did not, and could not by the exercise of ordinary care, have seen the obstruction so as to avoid the same." "One is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted as at other times." *Glover v. City Council of Augusta,* 83 Ga. App. 314, 316 (63 SE2d 422). See also *Miller v. Bart,* 90 Ga. App. 755, 758 (84 SE2d 127). In *Butts v. Academy of Beauty, Inc.,* 117 Ga. App. 222, 223 (4) (160 SE2d 222). ". . . the beauty operator called to her [the customer] with a request for another appointment and as she turned her head toward the speaker she fell . . .", holds that momentary conversation or a remark which distracts the customer combined with other circumstances states a cause of action.

"A combination of two or more circumstances, although no one may be sufficient of itself to constitute actionable negligence, may, if it results in harm to the plaintiff, in its totality be

sufficient to state a cause of action in tort." *Pilgreen v. Hanson,* 89 Ga. App. 703 (81 SE2d 18); *Butts v. Academy of Beauty, Inc.,* supra. In the case sub judice the customer's attention being momentarily distracted by the remark of the employee, "Merry Christmas," combined with other circumstances such as the "kiddie-kar" being in an area not usually or customarily placed is in its totality sufficient to authorize a recovery for injuries.