## 44910. WERBIN & TENENBAUM, INC. v. HEARD.

PANNELL, Judge. 1. Whether the plaintiff, who had purchased groceries in a grocery store and was returning to a parked car when she stepped in a hole and was injured, was guilty of such negligence as to bar her recovery because of her action in walking from the grocery store carrying three bags of groceries, which obscured her vision so that she did not see the hole in the driveway on the defendant's premises, is a matter for the jury to determine under the facts disclosed on the motion for summary judgment. See *J. C. Penney Co. v. Knight,* 119 Ga. App. 70 (1) (166 SE2d 434).

2. The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805). "This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." Moore's Fed-

eral Practice, Vol. 6 (2d Ed.), par. 56.15 [3], p. 2342. See also *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205, 206 (163 SE2d 256); *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298).

3. The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case. Armco Steel Corp. v. Realty Investment Co., 273 F2d 482.

4. While a pedestrian is not necessarily entitled to an absolutely level walkway, and the owner is not required to keep areas used for walking free from irregularities and minor defects (see *Sanders v. Jefferson Furniture Co.*, 111 Ga. App. 59 (140 SE2d 550); *Associated Distributors, Inc. v. Canup*, 115 Ga. App. 152, 153 (154 SE2d 32)), the situation here disclosed a deep hole in an area customarily used for parking and for egress and ingress to and from the store premises.

5. Upon application of the above rules to the facts in the present case, the trial court did not err in refusing to grant the motion for summary judgment of the defendant on the merits of the complaint, the defendant not having negatived any material issue necessary for plaintiff's recovery.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1970—DECIDED FEBRUARY 6, 1970.

*O'Kelley, Hopkins & Van Gerpen, Earl J. Van Gerpen, Benjamin Landey, John M. Bovis*, for appellant.

*Grace W. Thomas*, for appellee.