A91A1034. RUDE v. WINN DIXIE STORES et al.
(413 SE2d 741)

BEASLEY, Judge.

Plaintiff Rude appeals the grant of motions for summary judgment in favor of defendants Griffith & Associates and Winn Dixie

Stores in a "trip and fall" case.

After consideration of the arguments advanced by the parties and examination of the record, no reversible error of law appears and an opinion would have no precedential value. Court of Appeals Rule 36 (2). See *Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239 (396 SE2d 42) (1990); *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892 (386 SE2d 686) (1989); *Emory Univ. v. Duncan*, 182 Ga. App. 326 (355 SE2d 446) (1987); *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986); *Hershel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47 (183 SE2d 7) (1971). See also *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990).

*Affirmed in accordance with Court of Appeals Rule 36. Sognier, C. J., Birdsong, P. J., Pope, Cooper and Andrews, JJ., concur. McMurray, P. J., Carley, P. J., and Judge Arnold Shulman dissent.*

CARLEY, Presiding Judge, dissenting.

In my opinion, a genuine issue of material fact remains as to the creation and maintenance by appellee-defendants of an optical illusion from which appellant-plaintiff's attention had been distracted. See *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (349 SE2d 241) (1986). Accordingly, I must respectfully dissent to the majority's affirmance of the grant of appellees' motions for summary judgment.

Construing the evidence most favorably for appellant, the facts are as follows: Appellees maintained in the parking lot of their store a shopping cart storage area. The boundary of this area was delineated by concrete curbs. These curbs were painted the same shade of yellow as the stripes which divided the parking places. Moreover, with one exception, the yellow curbs were parallel to the yellow stripes. According to appellant, when she exited her car and began to walk toward appellees' store, her attention was distracted by advertisements and window displays at the front of the store. Encountering the raised yellow curbs rather than the level yellow stripes, appellant fell and injured herself.

An obstruction on the ground "*combined with* other factors which in their totality cause the injury and are chargeable to the defendant may together cause actionable negligence. . . ." (Emphasis in original.) *Lumbus v. D. L. Claborn Buick-Opel*, 153 Ga. App. 807, 808 (266 SE2d 526) (1980). See also *Butts v. Academy of Beauty*, 117 Ga. App. 222, 223 (3) (160 SE2d 222) (1968). "In many cases where the plaintiff fell over or ran into an *otherwise obvious* defect or obstacle, the matter of contributory negligence was held to be a jury question because of allegations explaining that the obstacle was difficult to see because it blended in color with the ground or floor. . . . [Cits.] *Also*, there are facts which may be pleaded by the plaintiff to excuse her

from exercising that degree of care under the circumstances which the law would otherwise hold to be necessary in an ordinarily prudent person[, such as] where the plaintiff's attention is distracted by a natural and usual cause, . . . [such as a defendant's specially decorated store window]." (Emphasis supplied.) *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 377-378 (2) (124 (SE2d 688) (1962). See also *Smith v. Swann*, 73 Ga. App. 144, 147-148 (35 SE2d 787) (1945) (cases where the defect would have been plainly visible, if the plaintiff had looked, distinguished from cases involving an optical illusion); *Butts v. Academy of Beauty*, supra at 223 (3) (presence of optical illusion is usually a jury question); *Mason v. Frankel*, 49 Ga. App. 145, 146 (2) (174 SE 546) (1934) (plaintiff distracted by signs in defendant's store window).

"[T]he evidence [in the instant case] does not negate the allegations of an optical illusion . . . so as to show that the . . . [yellow curbs] were, as a matter of law, such a patent defect as appellant, in the exercise of ordinary care, should have observed. [Cits.] . . . On the record before us, a jury should decide whether appellant was injured as the result of falling over a dangerous optical illusion from which she was distracted by [the advertisements and window displays in appellees' store] or, as appellee[s] [contend], she tripped over a patent defect [from which she was not distracted at all]. [Cit.]" *Shackelford v. DeKalb Farmer's Market*, supra at 350-351 (2). See also *Butts v. Academy of Beauty*, supra at 223 (4) (where continuity of floor pattern over a step, brilliantly illuminated, constituted an optical illusion). In my opinion, the majority erroneously affirms the grant of summary judgment in appellees' favor. I must, therefore, respectfully dissent.

I am authorized to state that Judge Arnold Shulman joins in this dissent.

DECIDED NOVEMBER 12, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — 

*Jeffrey D. Bridges*, for appellant.

*Martin, Snow, Grant & Napier, John C. Edwards, Jay C. Traynham, Chambless, Higdon & Carson, Marc T. Treadwell, Robin N. Bargeron*, for appellees.